The opinion of the court was delivered by
Horton, C. J.:
On the 2d day of July, 1881, plaintiffs in error commenced an action against C. D. Murphy, one of the defendants in error, to recover upon a promissory note executed March 29, 1881, for $385.83, due sixty days after date, with interest at the rate of ten per cent, per annum. At the commencement of the action, plaintiffs obtained an order of attachment against the property of the said defendant Murphy, and on July 5, 1881, no goods or chattels of the said defendant being found, the order was levied upon the east half of the northeast quarter of section 14, township-34, south, range 8, in Chautauqua county; and on July 9, 1881, an additional levy of said order was made on the west half of the southwest quarter of section 14, and the east half of the southeast quarter of section 15, township 34, range 8, also in Chautauqua county. All of the land was taken as the property of the defendant, C. D..Murphy, and the property levied upon on the 5th day of July was appraised at $2,000; and the property levied upon on the 9th of July was appraised at $500. The grounds alleged in the affidavit for attachment were, that C. D. Murphy had property and rights in action which he concealed; and that he had assigned and disposed of his property with intent to defraud, hinder and delay his creditors. Subsequent to the attachment, the defendant in error Emma L. Murphy claimed title to the tract of land levied upon on July 5th, and the defendant in error Abram Yates claimed title to the other land. Thereafter, the defendant C. D. Murphy made his motion, upon *377 notice to the plaintiffs, to discharge the attachment. -Emma L. Murphy and C. D. Murphy made a joint motion to discharge from the attachment the tract of land claimed by the said Emma L. Murphy, and in said motion alleged that C. D. Murphy was the husband of the said Emma L. Murphy, and that the land so claimed by her was a homestead and exempt from forced sale under any process of law. The said defendant Abram Yates also made a motion to discharge from the attachment the land claimed by him. These several motions were heard before the judge of the district court at chambers, and thereupon he made in the said cause three several and separate orders: first, discharging and setting aside the attachment generally; second, discharging from the lien of the attachment the property claimed by the defendant Abram Yates; third, discharging from the lien of the attachment the property claimed by the defendant Emma L. Murphy.
Of these several orders, and each and all of them, plaintiffs now complain.
We gather from the affidavits presented to the district judge, that C. I). Murphy was carrying on the mercantile business atCedarvale, Chautauqua county, from 1873to 1879; that in the fall of 1879 he had a stock of merchandise, to the amount of $5,900; that with this stock he removed, late in 1879, to Grenola, Elk county, where he continued in such business until about January, 1881; that in December, 1880, he was greatly embarrassed in his business matters, and unable to meet his liabilities as they became, due. Among other of his creditors was one Jaquins, to whom he was indebted in the sum of $700. Jaquins demanded his money, and the defendant was unable to pay. To secure said claim the defendant, aboüt the middle of December, 1880, turned over his entire stock of goods into the possession of Jaquins, upon an agreement that the sale was merely a conditional one, and that the defendant was to have thirty days’ time thereafter to sell to some one else. A new account was opened with the store, in the name of Jaquins, and the de *378 fendant continued in the store, holding public auction of goods on two or three days. About the 10th of January, 1881, the defendant called upon E. M. Hewins, of the firm of Hewins & Titus, then residing near Cedarvale, and said to him that he wished to sell his stock of merchandise, which he had at Grenola; that he was unable to meet his indebtedness; that his creditors were pressing him, and for that-reason he wanted to sell; that he was compelled to have $500 in cash, to release Jaquins’s claim on the stock of goods, and that if Hewins would take the store building in which the ■stock was, he would trade for $500 cash, and the balance in land and notes. The result of his interview with Hewins was, that a sale was made to the firm of Hewins & Titu's, for $500 cash, $2,700 in land, to be deeded when the invoice was taken, and the balance in long-time notes and a span of ■mulés. At the time of the trade, defendant represented that the stock in his store would invoice at $6,000, and the store building at Grenola, in which the business was then being ' •carried on, was valued at $1,100. About a week or ten days after the sale, the stock was invoiced. The value of the stock, upon such invoice, proved less than represented by Murphy, . and before the deed was given to the land, Hewins demanded and received back, of the notes turned over, one of $1,000. The store building at Grenola was purchased before the removal of defendant to the latter place, by Abram Yates, and himself of one J. L. Barnes. On January 28, 1881, arrangements were made by which Barnes assigned the contract for the purchase of the store building to the defendant Emma L. Murphy, the wife of C. D. Murphy, and upon the same •day the town company of Grenola made its deed of the lot to her. The deed of the land obtained from the firm of Hewins & Titus was executed by Hewins and wife, on February 10, 1881, to the defendant Emma L. Murphy, and is •the real estate claimed by her as her own, and by C. D. Murphy as the homestead of the family. • The land adjoins .the town site of Cedarvale, and is fully worth the agreed price of $2,700. Of this price, the wife claims to have paid *379 only about §1,100, the value of the store building in Grenola, and the balance of the purchase-money was paid in goods from the store of C. D. Murphy. The conveyance of the land to Abram Yates was executed on the 8th day of July, 1881, by Smith and wife. The consideration expressed in the deed is $500. It seems that in the spring of 1881, C. D. Murphy owed Yates $300, which he secured by mortgage dated March 7, 1881, upon the land afterward deeded to Yates. Yates was also liable as surety for Murphy in the sum of $200, to one Reynolds. This he assumed and paid, released the mortgage of $300, and in consideration therefor took title to the land claimed by him in his name.
At the time that C. D. Murphy sold out to Hewins & Titus, his liabilities must have exceeded $9,000. Prior to July 28, 1881, he had paid or secured of this about $5,368.25, leaving over $3,000 of claims wholly unprovided for. Among the liabilities existing at the date of the sale to Hewins & Titus, were the claims of Weil & Bro., $856; Long Bros., $350, and interest; Bittman & Taylor, $418; Winneman, Sons & Co., $400; and others — making the $3,000 and over of unpaid debts. As late as the first of February, 1881, Murphy stated to several creditors that he had ample means to pay all his debts in full and have some left, yet without any losses thereafter, on June 21, 1881, he wrote a letter to Mr. Ziegler, the attorney of Long Bros., and several other creditors, to the purport that he could not possibly pay over twenty-five cents on the dollar. It also appears that the note sued on in this case was given in settlement of the account of Long Bros., due at the time of the sale by Murphy of his stock of goods to Hewins & Titus.
*380 i Homestead quiredby80" debíoi. *379 Upon these facts, which we think are undisputed, the court below committed material error in discharging the attachment as to C. D. Murphy. Conceding that Murphy had borrowed of his wife the sum of $1,000, and that the arrangements whereby she took the title of the Grenola property in payment thereof were all made in good faith, the conveyance of all of the east half of the northeast quarter of section 14, *380 township 34, range 8, in Chautauqua county, by Hewins & Titus to Emma L. Murphy, at the instance of C. D. Murphy, was fraudulent as to the then existing creditors. The land was worth fully $2,700. The Grenola property was turned in to Hewins & Titus at $1,100; therefore, $1,600 of the land conveyed to Mrs. Murphy was paid for out of the goods from the store of the husband. At the time of such conveyance, C. D. Murphy had an interest in the land to the extent of $1,600. The conveyance, therefore, of all of the land to his wife, considering his insolvency and the demands of a large number of creditors pressing upon him, must have been made for the purpose of concealing his property in the name of his wife, and thereby to defraud, hinder and delay his creditors; and therefore both of the grounds laid for the attachment were fully sustained by the testimony presented in the affidavits. The extent of C. D. Murphy’s interest in the land obtained from Hewins & Titus, and deeded to his wife, is subject to the payment of the debts of his creditors. Nor is he benefited in any manner by his. claim that such property at the date of the attachment was a homestead. Of course, the bona fide interest of the wife in said property cannot be taken upon any claim of any creditor of the husband. Independent of any claim of homestead, her actual interest in the land is exempt from any attachment or judgment issued against her husband. But the homestead claim set up by the husband in the land will not avail him in this proceeding. We do not think that a debtor being absolutely insolvent, and having his creditors pressing him for the payment of their claims, and fully cognizant of his inability to pay such debts, can, to defraud his creditors, transfer possession.of goods purchased by him upon credit and take in exchange therefor land, either in his own name or in the name of his wife, and then claim the same as exempt as a homestead against such existing creditors. “A party cannot turn that which is granted him for the comfort of himself and family, into an instrument of fraud.” (Pratt v. Burr, 5 Biss. 36; Thompson on Homesteads, §§305-310.)
*381 -2. Attachment, «“charge0, by whom made. In White-Crow v. White-Wing, 3 Kas. 276, and in Harrison v. Andrews, 18 Kas. 535, it was decided under the terms of § 532 of the code, that when land has been sold on execution, any person claiming to be the owner thereof and interested in defeating the sale, may, although he is not a party to the suit, move the court to set aside such sale. Under these decisions, it follows as a logical sequence, that when land has been attached, any person claiming to be the owner thereof, being interested. therein and af- ° fected by such proceeding, may, although he is not a party to the original action, move the court to set aside the attachment as to his property. As Emma L. Murphy and Abram Yates claimed to be the owners respectively of the lands described in their motions, and as the testimony introduced in their behalf supported their claims, the order of the court discharging- the property claimed by them as their own so far as the interest of each appeared must be sustained.
The order discharging and setting aside the attachment generally will be reversed; the other orders affirmed to the extent of discharging the attachment on the west half of the southwest quarter of section 14, and the east half of the southeast quarter of section 15, township 34, in range 8, and also as to the undivided interest of Emma L. Murphy in the east half of the northeast quarter of section 14, township 34, range 8. The costs in this court will be divided.
All the Justices concurring.