CHARLES F. BLAKE v. JAMES RIDER, *et al.*

ATTACHMENT—*Service of Order, Not Void.* When an order of attach-
ment, issued against a non-resident, is levied upon a large number of
town lots, the failure of the officer who served the order to place a
copy thereof on each separate lot does not render the service of the
order void.

*Error from Ellsworth District Court.*

JAMES RIDER and another brought an action against *J. O.
Briscoe,* and on the 29th day of January, 1885, about 10 o'clock
in the morning of said day, caused an attachment in said ac-
tion to be levied upon the following-described property, as the
property of the said defendant, to wit: Lots 1 to 14 inclusive,
lots 28 to 30 inclusive, lots 58 to 75 inclusive, in Briscoe's
first addition to the town of Ellsworth, Kansas; and lots 76
to 88, inclusive, lots 95 to 107, inclusive, and lots 128 to 132

inclusive, in Briscoe's second addition thereto; which said lots were at the time unoccupied and uninclosed. The sheriff's return shows that he posted a copy of the order of attachment on lot No. 1, aforesaid, and not on any of the other lots, and that he took possession of and held the lots subject to the order of the court. The return of the order of attachment was filed in the office of the clerk, on the 30th day of January. Personal service of summons was made on Briscoe at 4 o'clock P. M. on the 29th day of January, 1885.

*Charles F. Blake,* on September 4, 1885, filed his amended motion to discharge the attachment against the real estate above described, (except as to lot No. 1,) stating in said motion that on the 29th day of January, 1885, he purchased in good faith and for a valuable consideration of and from J. O. Briscoe, the above-named defendant, all of said lots, and that on said day he received from Briscoe a good and sufficient deed thereto; that his deed was duly filed for record at 1:40 P. M. on the same day it was executed; and claiming that the attachment is void because, (1) on January 29, 1885, there was no occupant upon any of the said several lots; that each thereof was a separate and distinct tract of land, and that no copy of said order of attachment or any other notice whatever was by the attaching officer at any time placed upon any of the said lots, except upon said lot 1, and that said lot 1 was by streets separated from each of the other lots and was in no manner connected therewith; that the said notice placed on said lot 1 purported to be a copy of the order of attachment issued in this action; (2) that the said *Charles F. Blake* had no knowledge of the pretended attachment of said real estate until after he had purchased the same in good faith and had received and filed for record his said deed thereto; (3) that the said deed from Briscoe to *Blake* was duly filed for record on January 29, 1885, before any return of the attachment proceeding claimed to have been had in this action, had been made and filed in this court.

Motion heard at the October Term, 1885. It appears from the evidence introduced on the hearing that, at 12 o'clock M.,

January 29, 1885, the said Briscoe was justly indebted to said *Blake* in a large sum of money, and that at that time Briscoe, in good faith, and without any knowledge that this action had been begun against him by James and W. B. Rider, sold and conveyed unto said *Blake*, to pay a preëxisting debt ($2,500), each of the lots mentioned as attached in this action; that *Blake* received said deed in good faith, and without any actual knowledge of the beginning of this action, and without any knowledge of said attachment proceedings; that the transaction between Briscoe and *Blake* was in every respect in good faith, and without any intention to injure or defraud any one; that said deed was duly filed for record at 1:40 o'clock P. M. on January 29, 1885, and before any summons had been served upon Briscoe in this action, and before any attachment proceedings therein had been returned; that at the time of making said deed, as well as at the time of the beginning of said action, Briscoe was a non-resident of the state of Kansas, and had an interest in said lots, etc.

The court found that the order of attachment herein was duly levied upon the lots in said motion described, prior to the acquirement by said *Blake* of any interest therein, and that the attachment thereon, mentioned in the return of the sheriff, is legal and valid. It was therefore ordered and adjudged by the court that said motion be overruled. To reverse this ruling, *Blake* brings the case here.

*Lloyd & Evans*, for plaintiff in error.
*Garver & Bond*, for defendants in error.

Opinion by SIMPSON, C.: It is suggested by counsel for defendants in error that the plaintiff in error does not come within *Long Brothers v. Murphy*, 27 Kas. 375, because his interest in the property attached was acquired subsequently to the lien of the attachment; but as this is, in another aspect, the vital question in the case, we prefer not now to pass upon that proposition. There can be no question but that the attachment lien was prior to the execution and delivery of the

deed of Briscoe to the plaintiff in error, if the attachment pro-
ceeding, or rather the manner of its service by the sheriff, was
of any validity.    It is urged that as the lots were separate
and distinct tracts of real estate, it was the duty of the sheriff
to post a copy of the order of attachment on each lot, instead
of but one, and that in consequence of his neglect so to do the
attachment is void.    We think this question fairly determined
by the case of *Wilkins v. Tourtellott*, 28 Kas. 825.    The facts
are much stronger here than in that case, because in the re-
ported case, the return of the officer did not show that any
attempt had been made to leave on the land a copy of the order
of attachment, and that at most it was an irregularity rather
than a fatal defect.    As it was claimed that as a matter of fact
the sheriff did leave a copy of the order on the place, but failed
to so state in the return, he was permitted to amend the return
in that respect.    Here the return of the sheriff as embodied
in the record recites:

"And I took possession of, and now hold subject to the order
of the court, the following-described property as the property
of the said defendant, at the suit of the within-named plain-
tiffs, [here follows a description of the real estate,] and finding
no person occupying and in possession of said tracts of real
estate, I posted, in a conspicuous place thereon, a copy of the
within order."

Now the main object of the requirement that a copy of the
order should be placed in some conspicuous place on the land,
where the attachment is levied on unoccupied real estate, is in
aid of service on the defendant in the attachment proceedings.
It is another effort to inform the defendant that he has been
sued.    It is invariably the fact that a non-resident owner of
unimproved land has some resident agent in the neighborhood,
and the law attempts to utilize it in bringing home to the
defendant knowledge of the pendency of the action.    We have
no doubt but that in many cases persons whose real estate has
been made the object of an attachment lien derive their first
knowledge of the suit from such a fact.    But in this case,
within a few hours after the levy a personal service of the

summons was served on the defendant in the attachment suit, so that it is not in fact a practical question in this case as to whether the notice was posted on all, instead of but one, of the town lots. All we do hold is, that the failure to post or leave a copy of the order on all the lots does not render the attachment proceedings void.

The purpose for which this motion to discharge the attachment lien on these town lots is used in this action is virtually to try the title to the lots. It is disposing of the title to real estate in a very summary manner, and we do not want to be understood as expressing any opinion except as to the effect of the requirement to leave a copy of the order on the real estate attached.

We see no error in the ruling of the court below, and therefore recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.