## Long Bros. v. R. A. Hopper.

1. ATTACHMENT—*Discharge, Denied—Review.* Where the trial court has found upon oral testimony against the plaintiff, upon a motion to discharge an attachment, all the facts and inferences thereof must be resolved as favorably as possible for the defendant.

2. ORDER, *Not Reversed.* The facts examined, and *held* not sufficient to reverse the order of the trial court discharging the attachments.

### *Error from Finney District Court.*

PRIOR to the 27th of December, 1889, R. A. Hopper was engaged in the retail grocery business at Garden City, in this state. He had a stock of goods worth about $1,000. He owed over $1,300, partly due and partly not due, his purchases have been made upon 30, 60 and 90 days' time. His stock included some goods bought from Long Bros., and more from other firms to which he was indebted. He owned no other personal property. He had three pieces of farm land, two of them mortgaged to full value. About the time

of the sale hereinafter mentioned, he moved his family to the third tract of land, about 160 acres, making it his homestead.  On the 27th of December, 1889, he sold his stock of groceries to W. D. Fulton, his father-in-law, for $800, of which $350 was paid by Fulton by taking care of a note at the bank upon which he was surety; $340 by Fulton delivering to Hopper a team of mules, wagon, and harness; and the balance by a credit to Hopper at the store, payable in goods from the stock.  Soon after R. A. Hopper had sold and transferred his stock of groceries to W. D. Fulton, Long Bros. brought their action against him to recover $213.19 upon an account for goods, wares and merchandise sold by them to Hopper, and obtained orders of attachment against his property, which were levied upon the team of mules which he had received from W. D. Fulton, his father-in-law.  After the attachments were issued and levied, Hopper filed his motion to set them aside and discharge the property levied upon, on the following grounds: "*First*, because the allegations of the affidavit for said attachment were untrue and false; *second*, because the property levied upon, seized by officers on the attachment, was exempt by law from seizure and sale on attachment or execution."  Oral evidence was introduced upon the motion, and the court discharged the attachments.  Plaintiffs excepted, and bring the case here.

*M. A. Calhoun*, and *H. F. Mason*, for plaintiffs in error.

*A. J. Hoskinson*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The property levied upon by the plaintiffs was a team of mules, which the defendant claimed as exempt. In making the sale of the stock of groceries, he received the mules as part payment.  He testified that about the time of receiving them he moved upon a quarter section of land, 18 miles northwest of Garden City, which he thereafter occupied with his family as a homestead; that he made the sale of his stock of groceries honestly and in good faith; that he had no

personal property except the mules, wagon, harness, and some groceries for the use of his family; and that he needed the mules on his farm to assist him in making a living. In such a case as this, where the trial court has found upon oral testimony against the plaintiffs, all the facts and inferences thereof must be resolved as favorably as possible for the defendant. Thus considering the testimony in the record, the majority of the court are of the opinion that the plaintiffs failed to establish any fraudulent disposition by the defendant of his stock of groceries, and that the order of the trial court to discharge the attachments cannot be reversed.

The writer of this is inclined to think that the undisputed facts show legal fraud upon the part of the defendant, within the authority of the following cases: *Long Bros. v. Murphy,* 27 Kas. 375; *Roberts v. Radcliff,* 35 id. 502; *Shellabarger v. Mottin,* 47 id. 451; *McDonald v. Gaunt,* 30 id. 693.

Upon the opinion of the majority of the court, the order to discharge the attachments will be affirmed.

JOHNSTON and ALLEN, JJ., concurring.

HORTON, C. J., dissenting.