CHARLES F. HARDING v. THE GUARANTY LOAN AND TRUST COMPANY.

No. 81.

1. ATTACHMENT—*Owner of Lands May Move to Discharge.* Where lands have been levied upon under an order of attachment, any person claiming to be the owner thereof, and interested in discharging the property attached, although he is not a party to the original action, may move the court to discharge the attachment as to the property claimed by him.

2. ———— *What the Sheriff's Return Must Show.* The sheriff's return on an order of attachment must show what property he attached. It is not sufficient if it simply refers to the papers and proceedings in some other case or in some other court for a description. The return itself must contain a sufficient description of the property attached. The attachment does not create a lien on any other property than such as is described in the return of the sheriff.

3. ———— *Sheriff's Return Construed.* When the return of the sheriff on an order of attachment shows that he levied an order on certain property designated in the inventory and appraisement, and returns the same with the order, and the inventory and appraisement contain only a description of certain articles of personal property, the lien of the attachment does not attach to any other property except such as is shown in the inventory.

MEMORANDUM.—Error from Sedgwick district court; C. REED, judge. Action in attachment by The Guaranty Loan and Trust Company against George M. Boyd and others. Charles F. Harding filed a motion to discharge the attachment, and from an order overruling said motion he brings the case to this court. Reversed. The opinion herein, filed February 6, 1896, states the material facts.

*Edwin White Moore,* and *C. H. Brooks,* for plaintiff in error.

*Holmes & Haymaker,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: In 1889, one George M. Boyd, of Wichita, seems to have been financially embarrassed, and was indebted to a number of different parties. In April, 1889, his creditors, in order to secure the payment of their debts, commenced various suits against him by attachments, and his property was seized by the sheriff of Sedgwick county under different orders of attachment. Some of his creditors commenced suit without attachment and obtained judgment thereon against him. On the 13th day of April, 1889, the Wichita National Bank commenced action against George M. Boyd in the court of common pleas of Sedgwick county, in case No. 460, and on the same day an order of attachment was duly issued by the clerk of said court directed to the sheriff of said county. On the 15th day of April the sheriff levied said attachment on the southeast quarter of section 6, township 29, range 1 west, and made return of said order of attachment on the 18th day of April, showing his doings thereunder. This was the first attachment on the land, and said land was the property of said George M. Boyd at that time. The second attachment was issued on the 15th day of April, 1889, in the case of John V. Farwell et al. against Boyd, in suit No. 10739 in the district court of Sedgwick county. This attachment was levied upon certain personal property belonging to Boyd, and also on the same tract of land as the attachment in the case of the Wichita National Bank against George M. Boyd, and judgment was returned in said action against Boyd on the 8th day of July, 1890, for the sum of $777 and costs of suit.

On the 18th day of September, 1890, an order was

made by said court sustaining said attachment, and for the sale of said property to pay said judgment. On the 12th day of June, 1889, a judgment was rendered against George M. Boyd and George L. Roice, jr., for the sum of $583.60, by the district court of Sedgwick county, in a case then pending in said court, No. 5700, wherein Harry J. Thomas was plaintiff and George M. Boyd and George L. Roice, jr., were defendants.  On the 20th day of August, 1890, an execution was duly issued on said judgment and placed in the hands of the sheriff of said county for service. This execution was duly levied on the southeast quarter of section 6, township 29, range 1, the same land taken under attachment in the case of the Wichita National Bank against George M. Boyd.  This land was sold under said execution to Charles F. Harding for $1,200.  On the 20th day of October the sale was confirmed, and sheriff ordered to execute deed to purchaser, and sheriff's deed was executed and delivered to said Charles F. Harding on said day.  On the 26th day of September, 1890, an order of sale was issued by the clerk of the district court of Sedgwick county, on the judgment of John V. Farwell *et al.* against George M. Boyd, directing the sheriff of said county to proceed and carry out the judgment and decree in said order, and to sell the attached property ; the sheriff of said county having both the execution and order of sale in his hands at the same time, advertised and sold the real estate under the execution in the case of Thomas *v.* Boyd *et al.*, and made return of said order and execution, showing his doings thereunder. On the 17th day of October, 1890, an order was made by the district court of said county, directing the sheriff, out of all proceeds of said sale, to satisfy, first, the judgment and cost of Farwell *et al.*, and, second,

apply the surplus thereof to the judgment of Harry J. Thomas.

On the 16th day of April, 1890, the Guaranty Loan and Trust Company, of Kansas City, Mo., commenced an action in the district court of Sedgwick county against Boyd & Yocum and George M. Boyd, being case No. 10740, and on said day caused an order of attachment to be issued therein and delivered to the sheriff of said county for service. On said 16th day of April the sheriff served the order of attachment and seized certain property thereunder, and made the following return of his doings, indorsed on said order of attachment:

"Received the within order this 16th day of April, 1889, at 11 o'clock A. M., and as commanded therein I went to the place where the property of the within-named defendants, Boyd & Yocum, described in the inventory and appraisement hereto attached, was found, to wit: and there, at 12 o'clock M. on the 16th day of April, 1889, in the presence and hearing of Howard M. Davis and C. E. Case, two credible persons, declared that by virtue of said order I attached said property at the suit of the Guaranty Loan and Trust Company, of Kansas City, Mo., against George M. Boyd and L. G. Yocum, as Boyd & Yocum, and that Howard M. Davis and C. E. Case, two disinterested householders, residents of Sedgwick county, Kansas, who were by me first duly sworn to make a true and impartial inventory and appraisement, did make an inventory and appraisement of said property on the 16th day of April, 1889, which is hereto attached and made a part of these returns. I also attached all the property fully described and appraised and copies filed therewith and subject to cases Nos. 10721 and 10739 in the district court, and case No. 460 in the court of common pleas of Sedgwick county, Kansas.                          W. W. HAYS,

*Sheriff of Sedgwick County, Kansas.*

"I also attached the bank stock of the Fourth National Bank, as described in the accompanying inventory; I left copies of this writ on all lands and properties attached."

The inventory attached to said writ is as follows:

"We, Howard M. Davis and C. E. Case, disinterested householders residing in Sedgwick county, state of Kansas, having been by W. W. Hays, sheriff of said county of Sedgwick, duly summoned to appraise the property of George M. Boyd in this cause, after first being sworn, do return that upon actual view of said premises, and after having been on said premises, we find and estimate the same to be of the total value and appraisement of $154, the said property being described and separately appraised as follows, to wit: Matting, $7; stove and stovepipe, $12; standing desk, $10; flat-top desk, $17; four chairs, $8; safe, $75; cabinet, $5; letter-press and stand, $10; carpet, $10; subject to prior attachments in favor of the Wichita National Bank."

On the 19th day of March, 1891, the district court made an order in the case of the Guaranty Loan and Trust Company, of Kansas City, against Boyd & Yocum for the sale of the southeast quarter of section 6, township 29, range 1 west, being the same land sold by the sheriff of said county on the execution of Thomas v. Boyd, and thereupon Charles F. Harding intervened and made a motion to set aside said order of sale, on the ground that he was the owner of said land by virtue of the sheriff's deed issued in the case of Thomas v. Boyd, and that said the Guaranty Loan and Trust Company did not obtain a valid attachment thereon. This motion was overruled by the court, and Charles F. Harding duly excepted, made a case, and brings it here on petition in error and asks this court for a reversal of said judgment overruling said motion.

The real and only question involved in this case is,

whether the Guaranty Loan and Trust Company, of Kansas City, Mo., ever acquired a valid lien on the land in controversy by reason of the attachment proceedings commenced against Boyd & Yocum. This must be determined from the proceedings as shown by the record. A proceeding in attachment for the collection of a debt is a rank and stringent remedy given by statute under certain conditions; and, in order to seize and hold the property of the debtor and acquire a valid lien thereon before judgment, the statute must be strictly followed in obtaining the order and in the service of the same. There is no question raised in this case as to the sufficiency of the proceedings in procuring the issuance of the order of attachment; but it is urged by the plaintiff in error that the order was never served on the land in question, or on any other land. In order to determine whether the proceedings had in this case constitute a valid lien upon the land of Boyd, it is necessary to examine the statutes in relation to the service of orders of attachment.

Certain sections of the code of civil procedure read as follows:

"Sec. 197. The order of attachment shall be executed by the sheriff, without delay. He shall go to the place where the defendant's property may be found and declare that, by virtue of said order, he attaches said property at the suit of the plaintiff; and the officer, with two householders, who shall be first sworn or affirmed by the officer, shall make a true inventory and appraisement of all the property attached, which shall be signed by the officer and householders, and returned with the order.

"Sec. 198. When the property attached is real property, the officer shall leave with the occupant thereof, or, if there be no occupant, in a conspicuous place thereon, a copy of the order. . . ."

"Sec. 203. Different attachments of the same property may be made by the same officer, and one inventory and appraisement shall be sufficient; and it shall not be necessary to return the same with more than one order.

"Sec. 204. Where property is under attachment, it shall be attached under separate orders, as follows: *First*, If it be real property, it shall be attached in the, manner prescribed in section 198. *Second*, If it be personal property, it shall be attached as in the hands of the officer, and subject to any previous attachment.

. . .

"Sec. 205. The officer shall return, upon every order of attachment, what he has done under it. The return must show the property attached and the time it was attached; when garnishees are served, their names, and the time each was served, must be stated. The officer shall also return with the order all undertakings given under it."

The return of the sheriff is evidence of the manner in which he has executed the writ, and if the return be incorrect in any particular he may, on application to the court, be allowed to amend it so as to show the truth of the manner of executing the same. There was no effort on the part of either party to this proceeding to ask for an amendment of the return. All parties seemed to be satisfied with the return and with the statements set out in the return. The statute provides how a sheriff shall proceed under the attachment; that he shall go to the place where the defendant's property is found and declare that, by virtue of the order, he attaches the property at the suit of the plaintiff; that he shall, with two householders, make an inventory and appraisement of the attached property; that different attachments of the same property may be made by the same officer, and one inventory and appraisement shall be sufficient, and it shall not be necessary to return the same with

more than one order.   This provision seems to relate
to the sheriff or other officers who hold several orders
of attachment against the same party at the same
time; that when he returns the writ it shall not be
necessary to return the inventory and appraisement
in more than one case, simply referring in his returns
to the other writs under which it has been inven-
toried and appraised in certain other cases.   But
when the officer has writs of attachment issued out of
different courts which come into his hands at differ-
ent times, he should make an inventory and appraise-
ment and return with one order of attachment to each
of the different courts.

When property is under attachment by previous at-
tachments the officer must proceed under the subse-
quent orders to attach real property in all respects in
the manner prescribed in section 198.   The return of
the officer upon every order of attachment must show
what he has done under it.   The return must show
the property attached, and the time when attached;
when garnishees are served, their names, and the
time each was served must be stated.   This being the
requirement of the law, does the return of the officer
in the case of the Guaranty Loan and Trust Company,
of Kansas City, Mo., show what property he had
taken under attachment?   The return itself must
show what property is attached, and it will not do
simply to refer to some other court or some other case
for a description of the property attached.   Section
205 is imperative that the return must show the prop-
erty attached; but if we take the return of the sheriff
to the order of attachment in the Guaranty Loan and
Trust Company case, we find it says, after the formal
part:

"That Howard M. Davis and C. E. Case, two dis-

interested householders, residents of Sedgwick county, Kansas, who were by me first duly sworn to make a true and impartial inventory and appraisement, did make an inventory and appraisement of said property on the 16th day of April, 1889, which is hereto attached and made a part of these returns. I also attached all the property fully described and appraised, and copies filed therewith, and subject to cases Nos. 10721 and 10739 in the district court, and case No. 460 in the court of common pleas of Sedgwick county, Kansas.

The inventory and appraisement attached to a return with the order of attachment describes no real property whatever. It is exclusively personal property that is described in the inventory. This record nowhere discloses anything about what property was attached in case No. 10721 in the district court of Sedgwick county, or No. 460 in the court of common pleas of that county, nor is there any inventory and appraisement shown in case No. 10739. The reference to the cases in the district court and the court of common pleas is so indefinite and uncertain that the attachment would be void for the reason that it does not describe any property attached. We do not think that there was such a compliance with the law by the sheriff in his attempt to execute the order of attachment in the case of the Guaranty Loan and Trust Company against Boyd & Yocum as would constitute a valid lien upon these lands. The Guaranty Loan and Trust Company, of Kansas City, Mo., not having obtained a valid lien on said lands, can the plaintiff in error, not being a party to the action of the Guaranty Loan and Trust Company, of Kansas City, Mo., against Boyd & Yocum, come in and have the order of attachment set aside and the lands declared not subject to any lien under the attachment

proceedings? . Section 45a of the code of civil procedure provides :

"Any person claiming property, money, effects or credits attached may interplead in the cause, verifying the same by affidavit, made by himself, agent, or attorney, and issues may be made upon such interpleader, and shall be tried as like issues between plaintiff and defendant. . . ."

The parties treated the interplea of Charles F. Harding as sufficient in all respects to try the question of ownership to the land and the validity of the attachment lien thereon, and there being no objection to the form of the plea, it is sufficient for the purpose of authorizing the plaintiff in error to come into this case to try the question of ownership to the land and the validity of the attachment lien thereon, and the matter seems to have been tried on the records of the court in the several attachments and judgments, as they are all set out in the case made, and it purports to contain all the evidence had on the trial of the interplea. We think that the plaintiff in error, being the owner of the land under sheriff's deed, may move the court to discharge the attachment proceedings against the property owned by him. (*Long v. Murphy*, 27 Kan. 375.) The motion of the plaintiff in error should have been sustained.

The judgment of the district court is reversed, and case remanded, with direction to sustain the motion of the plaintiff in error, and set aside the order of attachment and the order for sale of the real estate described in plaintiff's motion.

All the Judges concurring.