THE SYMNS GROCER COMPANY v. M. D. LEE AND R.
L. McDONALD & CO.

No. 554.    (58 Pac. 237.)

1. CHATTEL MORTGAGES—*Attachment—Motion to Dissolve.* Where
   property is attached, a mortgagee claiming to be in possession of
   the goods at the time the levy is made may move to discharge the
   attached property.

2. —————— *Excessive Amount—Mistake.* Where a chattel mort-
   gage by mistake is executed for an amount in excess of the actual
   indebtedness, it is not fraudulent because, upon its face, it secures
   an amount of indebtedness in excess of that actually existing
   from the mortgagor to the mortgagee.

Error from Harper district court; G. W. McKAY,
judge. Opinion filed September 16, 1899. Affirmed.

*Washbon & Washbon,* and *Jackson & Jackson,* for
plaintiff in error.

*John W. Roberts,* for defendants in error R. L. Mc-
Donald & Co.

The opinion of the court was delivered by

SCHOONOVER, J.: On the 17th day of September,
1895, M. D. Lee executed a mortgage on a stock of
goods to R. L. McDonald & Co. On the 19th the
mortgage was filed for record. On the 21st R. L.
McDonald & Co. took possession. On the 23d the
Symns Grocer Company, plaintiff in error, com-
menced an action in the district court of Harper
county against M. D. Lee upon a claim for goods sold,
and caused the stock of goods mortgaged to R. L.
McDonald & Co. and the book accounts (not mort-
gaged) to be attached as the property of M. D. Lee.

R. L. McDonald & Co. filed a motion to dissolve
the attachment and discharge the attached property.

Symns v. Lee.

This motion was heard upon affidavits, record and oral evidence, and the property attached included in the mortgage discharged. The plaintiff below brings the case here for review, and questions the right of the intervenors, as mortgagees, to move to dissolve the attachment and discharge the attached property.

Plaintiff in error contends that the intervenors had no legal right to move "to quash, set aside and hold for naught the order of attachment, and also that said goods be released, and for a return of the attached property to R. L. McDonald & Co." From the wording of the motion there is ground for this contention, but it is clear from the record that the only issue submitted upon the motion was between the Symns Grocer Company and R. L. McDonald & Co. The object of the motion and the theory upon which the issue was tried was to procure a discharge of the property contained in the mortgage of McDonald & Co. The final order is as follows :

"It is thereupon considered, ordered and adjudged by the court, that the motion of R. L. McDonald & Co., mortgagees, to discharge the property herein attached as herein found and to dissolve said attachment, be and the same is hereby sustained, except as to the accounts and books of account which are not included in their said mortgage, and the sheriff of Harper county, Kansas, is hereby ordered and directed to return said property to the mortgagees, R. L. McDonald & Co."

McDonald & Co. were in possession of the goods covered by their mortgage at the time they were attached. They had the right to move for a discharge of the attachment as to the property covered by their mortgage. (Gen. Stat. 1897, ch. 95, § 554; Gen. Stat. 1899, § 4823 ; *Dolan v. Topping*, 51 Kan. 321, 32 Pac. 1120 ; *Grocery Co. v. Records*, 40 Kan. 119, 19 Pac. 346 ; *Long Brothers v. Murphy*, 27 Kan. 375.)

It is further contended that the judgment of the district court is not sustained by the evidence and is contrary to law. Lee executed a mortgage and delivered it to McDonald & Co., and it was never recorded. Afterward, on the 17th day of September, Lee executed a second chattel mortgage, for an amount in excess of what was due, on the stock of goods in controversy, which was filed for record September 19. It is claimed that R. L. McDonald & Co. took possession on September 21. On the 23d plaintiff in error caused the stock to be attached.

It is contended that the mortgage was given for an amount in excess of the sum actually due, and that the case should be reversed upon the authority of *Wallach v. Wylie*, 28 Kan. 138. In that case the trial court found that the excess was fraudulent, "merely a pretended indebtedness without any basis therefor," and that the mortgage was executed and received with intent to hinder, delay and defraud creditors. There are no such findings in the case under consideration. Lee executed the mortgage for the face of the note, neglecting to deduct certain credits. McDonald & Co. make no claim to the excess and there is no finding of fraud or collusion. It must be an overstatement of the amount, made with the intent to hinder, delay and defraud the creditors. (Jones, Chat. Mort. § 339.)

Our supreme court, in the case of *Bush v. T. G. Bush & Co.*, 33 Kan. 557, 6 Pac. 794, said: "The mere fact that a mortgage given by an insolvent person secures a greater sum than is actually due is not conclusive of fraud."

Our supreme court also held, in the case of *Hughes v. Shull*, 33 Kan. 127, 5 Pac. 414:

"Where a note and mortgage are executed for an amount in excess of the actual indebtedness existing from the mortgagor to the mortgagee, to take up an

old note and mortgage given in good faith to secure an actual indebtedness, with the understanding that upon the execution of the new note all the credits that were upon the old note should be placed upon the new note, and such understanding was carried out by the mortgagee, and in the overstatement of the amount secured there was no intent of either party to hinder, delay or defraud the mortgagor's creditors, such mortgage is not fraudulent *in toto* because upon its face it secures an amount of indebtedness in excess of that actually existing from the mortgagor to the mortgagee.''

The evidence is conflicting, but, from our examination of the record, it is sufficient to sustain the conclusions of the trial court.

The other errors assigned have been examined, but they are not sufficient to reverse the case.   The judgment of the district court is affirmed.