STEFFY, ET AL. v. TETON TRUCK LINE CO., ET AL.
(No. 1731; June 11, 1932; 11 Pac. (2d) 1082)

The cause was submitted for the plaintiff in error on the brief of *Mr. P. N. Gibson* and *Mr. Donald Spiker,* of Riverton, Wyoming.

The cause was submitted for defendant in error on the brief of *Mr. Wm. B. Cobb,* of Casper, Wyoming.

RINER, Justice.

This proceeding in error was instituted by the firm of Steffy Brothers to obtain review of an order of the District Court of Fremont County dissolving an attachment and directing the sheriff of Natrona County, where the writ was levied, to surrender the attached personal property to

one John Nevin, who claimed it as mortgagee under condition broken of his chattel mortgage.

It appears that the firm aforesaid brought an action in the District Court above named against the Teton Truck Line Company, a corporation, to recover a balance of $374.08 claimed to be due upon an account for automobile merchandise and service furnished at the request of that company. An alias attachment writ was sued out by plaintiff which was levied by the sheriff of Natrona County upon a motor truck as the property of the defendant and which was valued by the appraisers selected by the sheriff at $2,500.

Thereafter and on June 6, 1931, the defendant filed a motion for the dissolution of this attachment which, after asserting the invalidity of the writ in several particulars, a demand by the sheriff for a discharge bond of $6,000 and a counter demand by the defendant upon the officer making the levy for the possession of the vehicle, which met with a refusal, then alleged:

"That long prior to the date of said purported and pretended levy of said pretended alias writ of attachment, said personal property was mortgaged and encumbered by defendant to one John Nevin, for the sum and amount of Twenty-five Hundred ($2500.00) Dollars; and that said chattel mortgage was duly filed in the office of the County Clerk, Ex Officio Register of Deeds in and for Natrona County, Wyoming; that the agent of said John Nevin for the foreclosure of said chattel mortgage and for the repossession of said personal property is Wm. B. Cobb, of Casper, Natrona County, Wyoming; and that demand has been made by said Wm. B. Cobb upon the Sheriff of said Natrona County, Wyoming, and upon defendant for the immediate repossession of said personal property, said demand being made under and by virtue of the expressed terms of said chattel mortgage; and that said demand has been refused by the said Sheriff and by defendant; defendant's refusal being made because of its inability to deliver possession of said personal property."

This motion was signed both by the defendant, through its president, H. B. Hughes, and by John Nevin, through his counsel. It was positively verified by Hughes' affidavit. Nevin also filed a written motion for an order directing the sheriff who made the levy as aforesaid to deliver to Nevin the property attached "for the foreclosure of a chattel mortgage."

On June 11 following, the plaintiff filed an "affidavit in resistance of motion for dissolution of attachment" which, in so far as it referred to that part of the motion for dissolution quoted above, read:

"The allegation of the motion in so far as it relates to the mortgage of John Nevin fails to show a compliance by said John Nevin with the provisions of Section 4688 W. C. S. 1920, relating to the record of said mortgage and upon the showing made by said motion the said mortgage was wholly invalid and void as against creditors of the mortgagor and subsequent purchasers of the property without notice. The said motion therefore is defective and insufficient to show a right under said mortgage as against the Plaintiffs who allege themselves to be attaching creditors of said property for value and without notice."

This affidavit was signed and verified on belief by plaintiffs' attorney.

A hearing was had on the above described motions of the defendant and Nevin on the date last mentioned upon which the defendant presented another affidavit relating to the manner of service of the attachment writ and also oral testimony on the part of Hughes which likewise concerned the method in which the attachment writ was executed. Hughes further testified to the effect that there was due on the truck mortgage to John Nevin the sum of $2,500; that at the time the mortgage was executed, the truck was in Natrona County, Wyoming, and that the mortgage was placed on file in that county. Other than the affidavits and testimony aforesaid, no other evidence was apparently received at the hearing.

The order, review of which is now sought, was then made by the court, sustaining defendant's motion and dissolving the attachment. The order also directed that the sheriff who held the property under the attachment writ should deliver said property to John Nevin or his attorney.

For appellants it is contended that John Nevin, as a third party, had no right to intervene in the cause to have his right to the possession of the attached truck determined and the case of Stanley v. Foote, 9 Wyo. 335, 63 Pac. 940, is cited as ruling the point. In that decision, it was held that a claimant of property attached in an action between other parties could not intervene in the action for the purpose of having his rights thereto determined. This decision was rendered in 1900 upon the authority of Vallette v. Kentucky Trust Company Bank, 2 Handy 1, a decision of the Superior Court of Cincinnati made in 1855. At that time Ohio had, as it still has, in its legislation, provisions like Sections 3912 to 3914, inclusive, of Wyo. Rev. St. 1899, (§§ 4766, 4767, 4768, Wyo. Comp. St. 1910) indicating the procedure to be taken on the part of an officer when chattels seized under a writ of execution were claimed by a third person. These sections embodied the procedure referred to by Section 4025 of the Wyo. Rev. St. 1899 which subsequently became Wyo. Comp. St. 1920, § 6154, and is now Wyo. Rev. St. 1931, § 89-3338, reading:

"If personal property which has been attached be claimed by any person other than defendant, the officer shall have the validity of such claim tried; and such proceedings must be had thereon with the like effect, as if the property had been seized upon execution, and claimed by a third person."

However, as pointed out in Neiderjohn v. Thompson, 38 Wyo. 28, 264 Pac. 699, Sections 3912 to 3914, inclusive, supra, were repealed by Chapter 111, Laws of Wyo. 1915. Whether the opinion in Stanley v. Foote, supra, would have been written in just the way it was had the statutes then presented the condition we now find them in, may be re-

garded as doubtful. As the law developed under codes akin to ours, we find I Bates' New Pleading Practice, Parties and Forms 417, saying:

"The right of making and being heard on motion, has very properly been extended by courts to those having an interest in the subject-matter, though not parties. Thus, in actions of replevin, attachments, and in cases of distribution of money, it has been the practice to entertain and hear motions made by persons in interest, though strangers to the record for they are not intruders. In applications of the kind the court will judge of the relation of the party so making the motion to the subject-matter of the action or proceeding; and the entertaining of the motion is an act of discretion on the part of the court. Callender v. Painesville, etc. R. R., 11 O. S. 516, 520-521; Green v. McMurtry, 20 Kan. 189, 193; Gould v. Mortimer, 16 Abb. Pr. 448."

See also Modoe Soap Company v. Bramkamp, 18 Oh. Dec. 92; Nichols Brothers v. Koshinick, 19 Oh. Cir. Ct. R. (N. S.) 148; White-Crow v. White Wing, 3 Kan. 276; Harrison v. Andrews, 18 Kan. 535; Long Brothers v. Murphy, 27 Kan. 375; Symns Grocer Company v. Lee, 9 Kan. App. 574, 58 Pac. 237. And 6 C. J. 373, § 831, delineates the general trend of the law concerning the determination of the claims of third parties to property seized upon an attachment writ in this language:

"While there is considerable authority for the view that, where attachment is auxiliary to the principal action, a claimant of attached property, having no interest in the action or whose rights will be unaffected by its determination, is not entitled to become a party to it or to intervene therein for the purpose of asserting his title, but must resort to the common-law remedies or the statutory substitutes therefor, the more general tendency of the law is to afford the claimant a more prompt redress for the invasion of his rights by allowing him to interplead, or to intervene in the action in which the attachment was sued out, or to resort to proceedings to try and determine the title to the property in dispute."

However these matters may be, something it is not at this time necessary to decide, it is plain that the decision in Stanley v. Foote is not here applicable. An inspection of the record, including the bill of exceptions, shows that no objection appears to have been made by the plaintiff in the District Court to the motion of John Nevin to have his rights determined concerning the possession of the attached property, and all evidence submitted by the parties on the hearing aforesaid was received by the court without any such objection being interposed. Under such circumstances, the rule applied in Schloredt v. Boyden, 9 Wyo. 392, 64 Pac. 225, 229, must control. In that case, no objection was made by a judgment creditor to the court's receiving the petition of a person not a party to the action, who claimed the money in the hands of a garnishee, and Mr. Justice Potter said:

"It is clear, therefore, that Anna Boyden was not entitled to interplead and be made a party to the proceeding. But her petition was received without objection, and the testimony of herself and husband, in its support, was also received without objection; and no rulings were made, with respect to either of those matters, during the hearing. The plaintiff in error, therefore, is in no position to complain of the receiving of the petition or the testimony. Again, treating the petition of Anna Boyden as out of the case, we would have the testimony of her husband and herself, covering the ownership of the money, received and heard without objection; and even though such testimony might not have been admissible, except by consent, plaintiff in error must be held to have consented to it, or at least to have waived the error, if any, in allowing it to be taken, by his failure to offer objection."

The ruling in the Schloredt case in this respect has been adhered to by this court in the later cases of Neiderjohn v. Thompson, 38 Wyo. 28, 264 Pac. 699, and Stacy-Vorwerk Co. v. C. L. Buck, et al., 42 Wyo. 136, 291 Pac. 809.

The trial court, accordingly, was not in error through entertaining the motion of John Nevin, the mortgagee, and in deciding the question raised by it.

Assuming but not deciding that the other questions discussed in plaintiffs' brief should be resolved in their favor, viz., that an officer's writ cannot be impeached by parol testimony under the circumstances disclosed in the record and that the officer's writ was sufficient under the statute, and conceding that the rule is, as they contend, that an order dissolving an attachment is a final order subject to review, nevertheless the disposition of plaintiffs' first contention adversely to it, as indicated above, necessarily determines this proceeding. No evidence was offered and no question was made at the hearing or is made here concerning the validity of the prior mortgage of John Nevin or his right thereunder to possession of the attached property (the property covered by the mortgage) in order to foreclose his lien. Inasmuch as no points other than as stated have been raised or argued, the order of the District Court should be affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.