NELSON CASE, *Garnishee, etc.*, v. MARGARET INGERSOLL.

1. ASSIGNMENTS, *for benefit of creditors.* An assignment of property for the benefit of creditors, is not necessarily and *per se* void.

2. ASSIGNEE—*Attachment, Garnishment.* Property held by an assignee under a valid assignment for the benefit of creditors, is not subject to attachment or garnishment for the debts of the assignor.

*Error from Labette District Court.*

INGERSOLL, a judgment-creditor, obtained an order of attachment against W. M. Johnson, a judgment-debtor, and caused *Nelson Case* to be summoned as garnishee. Written interrogatories were filed as required by § 503 of the civil code. *Case* answered, alleging that Johnson had made an assignment to him (Case) of all his property for the benefit of creditors; admitted that he had possession

and control of such property, and denied having any
other property of Johnson's under his control, and denied
all indebtedness. - His answers are set forth in full in the
opinion. Said "assignment deed" is the same as that
mentioned and somewhat discussed in the preceding case
of *Johnson v. Laughlin*, (ante p. 359.) The record is
meager and disconnected. The court below held that
*Case's* answers disclosed such facts as rendered him liable
as garnishee of Johnson; that the assignment-deed from
*Johnson* to *Case* "was fraudulent and void as against the
right of said plaintiff," and made an order requiring
*Case*, the garnishee, to "pay to the clerk of this court,
for the use of said plaintiff," the amount of plaintiff's
claim and costs, within twenty days, "and that the
amount so paid should operate as a credit to said Nelson
Case upon settlement of his accounts as assignee of the
said W. M. Johnson." *Case* excepted, and brings the case
here by petition in error for review.

*Nelson Case*, plaintiff in error, *in propria persona*, sub-
mitted the same views in support of the validity of the
"assignment-deed" as he had submitted as counsel in
the case of *Johnson v. Laughlin*, ant pp. 361, 362.

*Bettis & Kelso*, for defendant in error:

1. The court below held the assignment from Johnson
to Case, set up in the garnishee's answer, "to be fraudu-
lent and void, as against the rights" of the defendant in
error. That the paper purporting such assignment was
fraudulent and void, as against the rights of creditors,
will appear from its face, for the reason that it contains
no description whatever of any property sought to be
assigned, nor does it have any schedule thereto annexed.
Some description of the property intended to be conveyed

must be made before anything can pass as against the rights of creditors; and the description should be sufficiently explicit to enable the assignee to take possession of the property and things assigned.   Bur. on As., 262; *Crow v. Ruby*, 5 Mo., 484; *Bellamy v. Bellamy*, 6 Fla., 62. This doctrine is not changed by our statute, but is on the contrary strictly enjoined: § 2, ch. 6, Gen. Stat.   The common law requires a description : 2 Gr. Cruise's Dig., p. 268, 2d ed.; Hill on Real Estate, ch. 83, §§ 16 to 20. Which description must be certain: *Haven v. Cram*, 1 N. H., 93; *Canning v. Pinkham*, id., 353; 4 B. Mon., 211.

A deed or assignment may be good between the parties thereto, which would be absolutely void for uncertainty as against creditors not consenting.   The tendency of every assignment is to hinder and delay creditors; and the reservation of the residue after the payment of the debts in this instrument, coupled with the powers granted to the assignee to compound debts, sell on credit, etc., and the inducement stated that the assignor *is at present* unable to pay his debts, show an evident intention on his part not to secure his creditors alone, but to hinder and delay them, and to deprive them of the ordinary course of the law for the collection of debts; and such an intent as this is guarded against by the statute of frauds, which provides that " Every gift, grant, or conveyance of lands, made with intent to hinder *or* delay *or* defraud creditors, shall be deemed utterly void and of no effect." Ch. 43, § 2, Gen. Stat.

2. The *garnishee* cannot maintain error in this case, because he is not prejudiced.   Error can only be assigned by one who is prejudiced by the error.   The judgment is that the assignee pay a portion of the trust fund in his hands to the liquidation of one of the very debts for the

payment of which the fund purports to have been assigned. It takes nothing from Case as an individual, and the order of the court to pay this money is a complete protection to him against the demands of other creditors. Hence Case is not prejudiced, and cannot assign error.   Civ. code., § 505; *Case v. Hannahs*, 2 Kas., 490; *Hammitt v. Coffin*, 3 G. Greene, 205.

Neither can Johnson assign error. The judgment of the court carried out the professed intent of the instrument of assignment. Johnson was not a party to the action in the court below. He had no interest in the money ordered to be paid by Case. On the contrary the judgment of the court was beneficial, as it would extinguish his debt.

Who then could have availed themselves of this error, if there was any ? Clearly, no one but creditors of Johnson, and they do not seek the reversal of the judgment. The only duty assumed by Case was to pay Johnson's debts to the extent of the trust fund, under the orders of the court; and if, by the operation of law that fund is diminished, no possible right possessed by him as an individual, or as an assignee, can be impaired.

The opinion of the court was delivered by

VALENTINE, J.: A judgment was rendered before a justice of the peace of Labette county in favor of Margaret Ingersoll, the defendant in error, and against W. M. Johnson, (assignor of plaintiff in error,) for $200 and costs; a transcript of the judgment was filed in the office of the clerk of the district court of said county; execution was issued thereon and returned unsatisfied; an affidavit of J. D. McCue, one of the attorneys of Margaret Ingersoll was filed in said clerk's office, setting forth that he had good reason to believe and did believe

that Nelson Case (the plaintiff in error) had property of
and was also indebted to said W. M. Johnson; an order
of garnishment was issued and served on said Case;
written interrogatories were also filed in said clerk's of-
fice, and served on said Case. In answer to said inter-
rogatories said Case filed the following:

" 1. I have both personal and real property under my
control which was assigned to me by the said W. M.
Johnson for the benefit of his creditors. Said real prop-
erty consists of town lots in Oswego, and interests in
buildings and lots. Said personal property consists of
said office furniture, and a few choses in action.

" 2. I am not indebted to said W. M. Johnson in any
sum whatever.

" 3. The said assignment from W. M. Johnson is of all
his property, personal and real, not exempt by law from
attachment, for the benefit of all his creditors in propor-
tion to their respective claims. The appraised value of said
property is about $11,500. Said assignment was made
April 21st, 1870."

Upon this answer the court below found " that said
assignment was fraudulent and void as against the rights
of said plaintiff," and ordered and adjudged that said
Case pay said judgment. No copy of the assignment is
given with the answers of the garnishee. If the evidence
submitted to the court below showed that said assignment
was void for any reason, then of course the judgment or
rather order of the court below was correct; but if it did
not so show, then the order war erroneous. There does
not seem to have been any evidence submitted to the
court below except the said answers of the said garnishee.
In fact, under the statutes no other evidence could be
submitted except by consent of parties: (Civil code,
Gen. Stat., 728, § 503; id., 669, § 215; id., 670, § 218;
Drake on Attachment, § 659, and cases there cited.) The
only remedy of the plaintiff, if the garnishee failed to
answer, or if his answers were not satisfactory, was to

Case v. Ingersoll.

sue the garnishee; (civil code, § 219.)   His remedy was
not to introduce other evidence than that of the garnishee
to show that the garnishee had property of or was owing
the judgment-debtor; but it was to commence an original
and independent action.   For these reasons, if reasons
were necessary, we cannot presume, against the record,
that any evidence except the answers of the garnishee
was heard or examined by the court below.   We think
the court below erred.   An assignment of property for
the benefit of creditors is not necessarily and *per se* void.
(Gen. Stat., ch. 6, p. 94, *et seq.*)   And there is nothing in
the answers of said garnishee that shows that said assign-
ment is void.

It seems scarcely necessary for us to say, that property
held by an assignee, under a valid assignment for the
benefit of creditors, is not subject to attachment or gar-
nishment for the assignor's debts.

We take no notice of " Exhibit B," appended to the
record, but which does not seem to form any part of the
record.   It purports to be a copy of a deed of assignment
from W. M. Johnson and wife to Nelson Case; but it is
not in any manner authenticated, and does not seem to
form any part of the case.*

The judgment and order of the court below against
Nelson Case, garnishee, is reversed, and the case re-
manded for further proceedings.

All the Justices concurring.

[ * THIS assignment-deed was submitted to the court below as a part of the answers
of the garnishee, although the record here does not show the fact.   The district court
held the assignment void as against creditors because there was no description of the
property assigned, and because the assignee was empowered to compound debts, sell on
credit, etc.—REPORTER.]