THE DOUGLAS COUNTY NATIONAL BANK v. JAMES G. SANDS.—THE NATIONAL BANK OF LAWRENCE v. SAME.—GEORGE A. BANKS v. SAME.

1 CASE, *Followed.* The case of *Watkins National Bank v. Sands*, just decided, referred to and followed.

2. ATTACHMENT—*Dissolution.* The evidence in the present cases examined, and *held*, that under such evidence the decision of the district court discharging the attachments must be affirmed.

*Error from Douglas District Court.*

THREE cases brought to this court to review in each the order and judgment of the district court discharging the at-

tachment therein, at the May term, 1889. The facts appear in the opinion.

*D. S. Alford,* for plaintiff in error the Douglas County National Bank; *S. O. Thacher,* for plaintiffs in error the National Bank of Lawrence and Geo. A. Banks.

*B. J. Horton,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The judgment of the court below in each of these three cases will be affirmed, upon the authority of the case of the *Watkins National Bank v. James G. Sands,* just decided. See, also, the following authorities: *Case v. Ingersoll,* 7 Kas. 367; *Cuendet v. Lahmer,* 16 id. 527; *Harris v. Cappell,* 28 id. 117; *Kelsey v. Harrison,* 29 id. 143; *Tootle v. Coldwell,* 30 id. 125; *Bailey v. Manufacturing Co.,* 32 id. 73; *McPike v. Atwell,* 34 id. 142; *Hershfield v. Lowenthal,* 35 id. 407; *Hosea v. McClure,* 42 id. 403; *Allen v. Fuget,* 42 id. 672; *Cooper v. Clark,* 44 id. 358; *Furniture Co. v. Armstrong,* 46 id. 270. See, also, 1 Wade, Att., § 96. The first of the above cases now under consideration, the one of the Douglas County National Bank, cannot be distinguished from the Watkins National Bank case, above cited and followed. The second case, that of the National Bank of Lawrence, can scarcely be distinguished from the Watkins National Bank case, there being no important differences between them. As to the other case, that of George A. Banks, there is a difference in the facts which it is claimed is of importance. Banks's action was commenced on May 15, 1889, on promissory notes dated in 1882, and it is claimed that after that time, and in August, 1887, Sands gave to his wife $1,300 in cash for a consideration of about $800, and therefore that $500 of the amount was a pure gift, and that Sands was insolvent at the time, and therefore that the transaction was a fraud upon Sands's creditors. Of course it is a fraud against creditors for an insolvent person to give away his property; but this claim, however, of the plaintiff in error, Banks, is not sufficiently shown by the evidence, and

the burden of proof was upon the plaintiff, Banks; and the findings of the court below were against Banks and in favor of Sands. The facts with regard to this matter seem to be about as follows: This money, $1,300, was obtained by Mrs. Sands on account of Quantrell raid losses. The Quantrell raid occurred on August 21, 1863, at which time a large amount of property belonging to Sands was destroyed by Quantrell's band. Sands promised that whatever might afterward be received on account of his losses at this raid should be given to his wife. When this promise was first made is not, however, shown. In 1875, an act of the legislature was passed appointing a commission to examine and certify the amount of the losses which occurred by reason of this as well as of other raids of guerrillas and marauders during the years from 1861 to 1865. We would infer that under this statute a claim for Sands's losses was made out and presented in Sands's wife's name, and examined and approved by the commission. In 1887, an act of the legislature was passed providing for the assumption and payment by the state of Kansas of all such claims; and in August, 1887, Mrs. Sands drew the amount allowed to her, which was about $1,300. It does not appear that Sands ever had any of this money in his possession; nor does it sufficiently appear that Sands was insolvent at that time, or at any time prior thereto; and, as before stated, the findings and judgment of the court below are against the plaintiff, Banks. Also, it would seem that Sands at the time owed to his wife about $800 of the amount, and the remainder of the amount, to wit, $500, was afterward used in making improvements upon their homestead. Sands was at that time and had been for years openly doing a harness and saddlery business at Lawrence, and he continued in such business, and his credit was then and afterward "first class;" and he continued in such business for nearly two years afterward, to wit, until about May 13, 1889, when he executed the mortgages and assignment involved in this controversy. The Banks suit, as before stated, was commenced on May 15, 1889, when an order of attachment was issued

therein and levied upon a portion of Sands's stock of goods, both at Lawrence and Eudora. It would hardly seem that the foregoing facts could be held sufficient to sustain the foregoing attachment. The court below found and held that they were not, and we cannot say that the decision is erroneous.

We think the decision in this case and in the other Sands cases will do ample justice. Under it neither the mortgagees nor the attaching creditors will get advantages or preferences over the other creditors, but all of Sands's property which is not exempt from judicial process will be used for the benefit of all his creditors in proportion to their respective claims. This is equity, while to give preferences or advantages to either the mortgagees or the attaching creditors would not be equity.

The order and judgment of the district court in the three cases now under consideration will therefore be affirmed.

All the Justices concurring.