# SCHLOREDT v. BOYDEN, ET AL.

EXECUTION, PROCEEDINGS IN AID OF — GARNISHMENT — INTER-
VENTION — EVIDENCE — APPEAL AND ERROR — BILL OF EX-
CEPTIONS.

1.  In proceedings in aid of execution before the district court
    or judge, a third party claiming the property or money in the
    hands of the garnishee, cannot interplead and obtain an adju-
    dication of his claim therein.

2.  A third party claiming property or money in the hands of a
    garnishee in proceedings in aid of execution, to protect him-
    self, should notify the garnishee of his claim; the garnishee
    may then state the fact of such notice in his answer, and the
    receiver appointed in the proceeding, or the judgment cred-
    itor, can proceed by action to have the liability of the gar-
    nishee determined.

3.  Where the answer of the garnishee, in proceedings in aid of
    execution, states that he has property or money of the debtor
    in his hands, the court or judge may order that it be applied
    upon the judgment, under Section 3951 R. S., and may appoint a
    receiver under Section 3952. If the money is voluntarily paid
    into court or to the sheriff or receiver, it may be at once ap-
    plied on the judgment; but if the garnishee does not pay the
    money or deliver the property to be so applied, the only rem-
    edy will be an appropriate action to recover it to be brought
    by the receiver or the judgment creditor.

4.  Where the judgment creditor fails to object to receiving the
    petition of interpleader of such a claimant in the proceedings
    in aid of execution, and the testimony of the claimant and
    witnesses is received without objection in support of the peti-
    tion, the creditor is in no position to complain of the receiv-
    ing of the petition or to the admission of the testimony.

5.  In the absence of a petition of interpleader, where testimony
    is taken as to the ownership of the money in the garnishee's
    hands without objection, and an order thereon is made on the
    basis of such testimony, the creditor, by his failure to offer
    objection, must be held to have consented to the taking of the
    testimony, or at least to have waived the error.

6.  As a general rule, an error to be available on appeal, must
    have occurred without the express or implied consent of the
    appellant.

7. Upon consideration of the evidence it is held to be sufficient to sustain the finding that the money garnisheed was the property of the intervening claimant, the wife of the debtor.

8. In proceedings in aid of execution, the application for the order, and the accompanying affidavit is not a pleading, and to be preserved as part of the record, on error, it, as well as the answer of the garnishee taken on oral examination and any other evidence adduced at the hearing, should be embodied in a bill of exceptions.

[Decided March 22, 1901.]

Error to the District Court, Crook County, Hon. Charles W. Bramel, Judge of the Second District, presiding.

Proceedings in aid of execution. The garnishee answered that he had money of the judgment debtor in his hands. The wife of the debtor filed a petition to be made a party, claiming that the money in the hands of the garnishee was her property. The petition was received without objection, and testimony was received, also without objection, in support of the petition, and the finding was in favor of the claimant. The judgment creditor prosecuted error. The other material facts are stated in the opinion.

*Nichols & Adams*, for plaintiff in error, contended that the testimony did not support the claim that the money belonged to the wife of the debtor, and that her claim to the money amounted to a fraud upon the creditors of the debtor: citing, 8 Ency. L., 851; Triplet v. Graham, 12 N. W., 143; Murch v. Swenson, 42 id., 290; Wolford v. Farnham, 46 id., 295; Peckenbaugh v. Cook, 16 id., 530; Glass v. Sutavern, 61 id., 579; Salisbury v. Burr, 46 Pac., 270; Wells v. Schuster, 48 id., 809; Culver v. Graham, 3 Wyo., 211; Stevens v. Carson, 46 N. W., 655; Horton v. Dewey, 10 N. W., 599; Bump on Fraud. Conv., 269.

*H. A. Alden*, for defendant in error, contended that the proceedings were merely interlocutory, and did not admit of error proceedings; that the claimant was one of

original parties to the main suit, and was as such entitled
to come in and have her right to the money decided; that
there was no question of fraud; and that the record does
not show a judgment, but a finding only.

POTTER, CHIEF JUSTICE.

This case presents for review an order made in certain
proceedings in aid of execution. Fred Schloredt had
secured a judgment in the district court for Crook County,
against John B. Boyden, upon which a balance of $728.18
remained unpaid; and an execution issued thereon had
been returned "no property found." Upon his applica-
tion, under the provisions of Section 3943 Revised Stat-
utes, the judge of said court made an order requiring
C. L. Calvert, Clerk of the Court, to appear and answer
concerning any money or property in his possession be-
longing to the judgment debtor.

The garnishee appeared, and answered, upon oral ex-
amination, that he had $525 in his hands belonging to
John B. Boyden. On the same day that said answer was
taken, and either before it was taken or immediately
thereafter, but before any order was made thereon, one
Anna Boyden, the wife of the judgment debtor, and who
had, with him, been a defendant in the principal case,
but against whom there was no personal judgment, filed a
petition setting forth that the money in the possession of
the garnishee belonged to her, and asking to be made a
party to the proceedings, and that the garnishee be
ordered to return the money to her. The plaintiff,
Schloredt, filed an answer to her petition denying its
allegations, and alleging that her claim to the money was
made fraudulently, to hinder, delay, and prevent the judg-
ment creditor from collecting his claim; and charging that
the money belonged to John B. Boyden.

In addition to the examination of Calvert, the gar-
nishee, John B. Boyden and Anna Boyden testified as wit-
nesses; whereupon the court found that Anna Boyden was

entitled to interplead in the case, and be made a party thereto; and that the money in the hands of the garnishee was her money; and ordered that the same be delivered to her by the garnishee.

The order and judgment was excepted to by the plaintiff, and a motion to set aside the findings and judgment was filed immediately. The motion was at once overruled, exception preserved to the ruling, and if there is a bill of exceptions in the record, it would appear to have been settled and allowed the same day.

Although some of the steps taken, and some rulings of the court, were based, apparently, upon an erroneous conception of the character and scope of the proceeding, there are several reasons why this court cannot vacate or disturb the order complained of. An intelligent explanation of those reasons will require reference to a few of the statutory provisions touching the subject of supplemental proceedings, and an inquiry concerning their nature and effect.

Whenever a judgment debtor has not personal or real property on which to levy an execution, any equitable interests he may have in real estate, in a joint stock company, or in any money contract, claim, or chose in action, due or to become due to him, or in any judgment, or any money, goods, or effects which he has in the possession of any person, body politic or corporate, may be made subject to the payment of the judgment by action. Rev. Stat., Sec. 3932. The proceedings herein were not prosecuted under that section.

In subsequent Sections 3940 to 3956 a summary method is provided for the examination of the judgment debtor, as well as of one who is alleged to have property of the debtor in his possession, or to be indebted to him. After the return, unsatisfied, of an execution, the judge may order the debtor to appear and answer concerning his property. Sec. 3940. After issuance of an execution, upon a certain showing, the debtor may be ordered to appear and answer. Sec. 3941. After return of an ex-

ecution upon proof, in writing, by affidavit, or otherwise, to the satisfaction of the judge that a person has property of the judgment debtor, or is indebted to him, the judge may by an order, require such person to appear and answer concerning the same. Sec. 3943. The service of the order binds the property in the possession of the one so ordered to appear and served with the order from the time of the service ; and such person becomes liable to the judgment creditor for all property, money, and credits in his hands, belonging to the judgment debtor, or due to him, from the time of service. Id. Upon proof of certain facts such order upon a third person may be issued before the return or even the issuance of an execution. Id. The same section provides that the judge may also require notice of the proceeding to be given to any party in the action in such manner as may seem to him proper.

This proceeding was instituted by virtue of the provisions of Section 3943. The extent of the final authority of the judge in a proceeding prosecuted under that section, and the scope of the proceeding itself, is set forth in Sections 3951 and 3952. They are as follows:

"Sec. 3951. The judge may order any property of the judgment debtor, or money due him, not exempt by law, in the hands of either himself or other person, or of a corporation, to be applied toward the satisfaction of a judgment."

"Sec. 3952. The judge may, by order, appoint the sheriff of the proper county, or other suitable person, a receiver of the property of the judgment debtor, and he may also, by order, forbid a transfer, or other disposition of, or interference with, the property of the judgment debtor not exempt by law."

Up to the time of the hearing the proceedings taken in this case seem to have been in conformity with law. It then became the duty of the person served with the order of the judge to appear and answer concerning the property of the judgment debtor in his hands. He did appear

and make answer, admitting that he had in his possession certain money belonging to such debtor. Had nothing else occurred, an order would have been proper to the effect that the money be applied toward the satisfaction of the judgment, and if, thereupon the money had been voluntarily paid into court or to the sheriff or other receiver appointed to receive it, the same could at once have been applied upon the judgment. If, however, the garnishee should not voluntarily pay the money, or deliver the property in his hands as directed by the court or judge, it would become necessary for the receiver who might be appointed, or the judgment creditor, to recover it, by resorting to an appropriate action for that purpose. In this respect the right of the judgment creditor is analogous to that of an attachment plaintiff, which was considered in the case of Stanley v. Foote, recently decided by this court ; except that in a proceeding in aid of execution a receiver may be appointed who would be entitled to enforce the liability of the garnishee. This is the construction given to the statute in Ohio, from which State the statute was taken, and in Kansas, where the same statute was adopted, as will appear by reference to the cases we shall cite.

In Union Bank of Rochester v. Union Bank of Sandusky, 6 O. St., 255, the court construed the provision of the section of the Ohio code answering to our Section 3951, in respect to the character of the order authorized where the answer of the garnishee discloses money or property in his hands belonging to the judgment debtor. The court held that the judge was not to order the payment of a debt, but that the order should be that the money or property be applied to the judgment. It was said : "There is a manifest difference between an order to *pay* a debt, and an order settling the right of the judgment creditor to the *application* of the proceeds of the debt. The latter is all that was intended by Section 467 of the code. It authorizes the judge to order that either property, or a debt due the judgment

debtor, be applied to the satisfaction of the judgment; thus fixing the right of the judgment debtor, so that when possession of the property is obtained, or the debt collected, by the sheriff or receiver, under Section 468, the proceeds may be duly applied to the discharge of the judgment.''

In Edgarton v. Hanna, 11 O. St., 323, the court said : ''The court or judge is authorized to order any property of the judgment debtor, in the hands of himself, or of another person, or due to him, to be applied to the satisfaction of the judgment. The mode of application is not expressly provided, but it must be in analogy, as to claims against third persons, to the remedies to which the debtor himself might resort. In this summary proceeding, disputes between the debtor and third persons cannot be settled, nor can the collection of claims be enforced by an order of payment and attachment. When there are such claims to be collected, the appointment of a receiver is the proper course ; who, if payment be not made, will resort to the ordinary remedies.''

In Kansas it was held that execution against the garnishee, in such a proceeding, is not allowable. Arthur v. Hale, 6 Kan., 161; approved in Board v. Scoville, 13 Kan., 17, 33. In the case last above cited, the court held that an order of the judge made in such a proceeding requiring the application of the money to the judgment was not a final determination of the liability of the garnishee ; that the order was not a judgment, nor an adjudication between the parties. It was said that : '' It simply gives to the creditor the same right to enforce the payment of the money that the debtor previously had. It is, in effect, only an assignment of the claim from the debtor to the creditor. The creditor gains no more or greater rights than the debtor had, and the garnishee loses no rights. And the payment of the money can be enforced only by an ordinary action.'' Again, citing Ohio cases, and referring to the statutory order, the court said ;

"The statute does not seem to authorize the court or judge to order the garnishee to pay the money into court or to the judgment creditor. It simply provides that the court or judge may order the money to be applied toward the satisfaction of the judgment. Under this order the money may be paid voluntarily by the garnishee, or it may be collected from him by an ordinary action."

The case of Welch v. Pittsburgh, Fort Wayne & Chicago R. Co. is a leading Ohio case, settling several questions under these somewhat obscure statutory provisions. The decision therein at *nisi prius* is reported in 1 West. Law Monthly, 87 and 143. The case as determined by Supreme Court is to be found in 11 O. St., 569. In discussing the nature of the remedy provided by this proceeding, the Supreme Court say : The question under the code " whether the person summoned has property of, or is indebted to, the judgment debtor, appears to be regarded in the first instance as a mere *ex parte* preliminary inquiry. It is not properly a litigation. It is in the nature of an inquest or proceeding *in rem*. The first step is to ascertain the existence of the property or indebtedness. If it be found, — if there be no doubt or dispute as to ownership or right, — an appropriation is at once made to the satisfaction of the judgment. If there be doubt, — if the judge is not satisfied as to the propriety of an immediate appropriation, and further inquiry is desired,— the proceeding should assume the shape of a regular litigation. The proper parties should be brought in, and steps taken to retain control of the subject-matter of the litigation."

It is reasonably clear that the method of retaining control of the subject-matter of the controversy is afforded by that part of Section 3952, authorizing an order forbidding a transfer, or other disposition of, or interference with, the property ; and that by appointment of a receiver, the latter may commence an appropriate proceeding, or the creditor, in the absence of a receiver, might, by resorting to the proper remedy, prosecute a regular litiga-

tion, bring in all necessary parties ; and thereby a final and complete determination could be reached. In such an action, no doubt, another claimant to the property or fund, if not made a party in the first instance, by receiver or creditor, could apply and be made a party and have his or her interests adjudicated. That may seem to be, and probably is, a rather circuitous method ; but in the present condition of the statutes it appears to be the only one provided or authorized by the law. It should be remembered that the proceeding invoked in this case is altogether summary in its nature. The judgment debtor need not be notified of its pendency, unless the judge deems best to require notice to him. See Welch v. R. R. Co., *supra*. Not only is it to be commenced in a summary manner, but the entire proceeding partakes of that character. It may not get into the court, as such, at all, but all the proceedings may proceed before, and the order made by the judge. A creditor is ·not obliged to pursue the summary proceeding, but he may resort in the first instance to an action in the nature of a creditor's bill under Section 3932.

In White v. Gates, 42 O. St., 109, it was held that an order made in the supplementary proceeding against one summoned to answer concerning property in his possession belonging to the judgment debtor cannot be enforced as for a contempt, but that the receiver must resort to the ordinary remedy by action, citing Bank v. Bank, 6 O. St., and Edgarton v. Hanna, 11 O. St., *supra*. In the case of White v. Gates, the garnishee claimed the money in her possession as her own, and denied that it belonged to the judgment debtor. The court held that as to her right she was entitled to have it tried, in regular form, by a court of equity, clothed with authority to hear and determine the same, and to enforce its decree ; and said that the proceeding in aid of execution, "was not such a suit, or a substitute for it, but a proceeding summary in its character, in the nature of a proceeding *in rem*, designed to appropriate the property of a judg-

ment debtor, in the hands of a third person, to the payment of the judgment, where the person having possession of the property asserts no claim to it, and voluntarily assents to such appropriation. And while the judge may order the person having the property to deliver the same to a receiver, although the person having possession claims to own it, the judge has no power to enforce the order as for a contempt." To the same effect, in the case of *In re* Havlik, 45 Neb., 747, decided under similar code provisions. See also State, *ex rel.*, v. Burrows, 33 Kan., 10; *In re* Burrows, Id., 675.

Case v. Ingersoll, 7 Kan., 367, involved a proceeding in aid of execution, and it was stated, in the opinion, that, under the statutes, no evidence other than the answer of the garnishee could be submitted, except by consent of parties ; and it was held the remedy against a garnishee, if his answer was unsatisfactory, was not the introduction of other evidence to show that he had property of, or was owing, the judgment debtor, but it was the commencement of an original and independent action. Upon the question of the right to examine witnesses, it has been held in Ohio that when the proceeding is one for the examination of the *judgment debtor himself*, witnesses may be applied for and ordered by the judge, to be examined under the section of their code, corresponding to our Section 3942. Manning v. Manning, 11 Law Bulletin, 144. But there is no intimation in the Ohio cases that witnesses may be called, in the proceeding itself, to establish or dispute the liability of a garnishee. No doubt that if witnesses are examined without objection, there would be no reversible error in doing so.

In the case of Welch v. R. R.. Co., *supra*, the court expressed a doubt whether the law contemplated a review of the decision of a judge in this kind of proceeding, it being said that the inquiry under the code is exceedingly simple ; the judge "must be satisfied that the property is the property of the judgment debtor. If there be any claim to the contrary, proper for litigation, the sum-

26

mary remedy by an order and proceeding for contempt, should not be adopted; but the party should be left to his action, or placed in a position to assert his right through a receiver.'' It was also held in that case, that if the order was appealable, when it found no property in the hands of the garnishee, the latter should be made a party to the proceedings in error. We do not deem it necessary to decide whether the order complained of is reviewable in this court, as the case may be satisfactorily disposed of without doing so.

We have thus called attention to all the cases, construing, or applicable to, our code provisions touching this kind of a proceeding, that we have been able to find. There are numerous decisions, of course, under codes containing provisions somewhat similar, but they are not in point because of some distinguishing features of the statutes upon which they were rendered. The cases referred to quite clearly disclose the scope of the proceeding, and but little further comment seems necessary. It is to be observed that we are considering an order made in a special proceeding, that does not reach the dignity or authority of a regular action. No pleadings are required ; and its object seems to be to lay the foundation, if necessary or desired, for an action, and in the meantime secure and protect the right of the judgment creditor to any property or money which may be in the possession of a third person. On principle, there is little, if anything, to distinguish this proceeding, in respect to the right of another claimant to intervene, from that of garnishment upon attachment before judgment. In the latter case this court has denied the right of a claimant to intervene. Stanley v. Foote, decided at this term.

In view of the character of the supplementary proceeding, the authority of the court or judge therein, and the effect of the order authorized to be made, we have no hesitation in holding that a third party who .claims the property or money in the hands of the garnishee, has no right to interplead in the proceeding, and obtain an ad-

judication of his claim therein. Such a party can always protect himself by notifying the garnishee of his claim ; and the garnishee may likewise protect himself by stating in his answer the fact of such notice. Thereupon a receiver or judgment creditor could proceed by action to have the liability of the garnishee determined.

It is clear, therefore, that Anna Boyden was not entitled to interplead and be made a party to the proceeding. But her petition was received without objection, and the testimony of herself and husband, in its support, was also received without objection ; and no rulings were made, with respect to either of those matters, during the hearing. The plaintiff in error, therefore, is in no position to complain of the receiving of the petition or the testimony. Again, treating the petition of Anna Boyden as out of the case, we would have the testimony of her husband and herself, covering the ownership of the money, received and heard without objection ; and even though such testimony might not have been admissible, except by consent, plaintiff in error must be held to have consented to it, or at least to have waived the error, if any, in allowing it to be taken, by his failure to offer objection.

For these reasons, therefore, plaintiff in error cannot complain in this court on account of the filing of the petition of intervention, and the taking of testimony in support of its allegations. Indeed, counsel for plaintiff in error are not here complaining of those matters. They do not attack the regularity of the proceedings, but contend that, upon the evidence, they were entitled to an order for the application of the money to the judgment.

There is nothing in the language of the motion for a new trial, nor in the briefs filed in this court, to indicate that counsel, subsequent to the findings and order, insisted upon, or even presented, the point that Mrs. Boyden was not entitled to interplead.

It is a general rule that an error to be available on appeal must have occurred without the express or implied

consent of the appellant. 2 Ency. Pl. & Pr., 516 ; Roy v. Union Mer. Co., 3 Wyo., 417. We might treat the order of the court as a finding and order to the effect merely that the money did not belong to the judgment debtor ; and such a decision would not be disturbed if justified by the facts. But we are inclined to hold that the plaintiff in error is in no position on error, to object to the order on the ground that it erroneously admits Mrs. Boyden as a party, and assumes to adjudicate her interest in the fund in controversy.

The contention of the ·plaintiff in error is confined to the evidence ; and the claim that he was entitled to an order for the application of the money to his judgment upon the evidence adduced.

The testimony of Boyden and wife is uncontradicted, unless, as charged, their own statements amount to a contradiction of their positive statement that the money belonged to Mrs. Boyden. Each of them testified positively that it did belong to her ; and that it was the proceeds of certain cattle she had owned, that had been sold by her for the purpose of raising the money with which to redeem the property sold upon foreclosure sale, presumably in the main case. Some of the cattle, they testified, had originally belonged to Boyden himself, and had been sold to her in consideration of certain moneys earned by her and used by him from time to time ; and the remainder were the increase. How many of the cattle were thus sold to her, and how many were the increase, does not appear. In 1898, they testified, all the cattle belonged to her. It is not shown whether the plaintiff was a creditor of Boyden at the time of the various transfers of the cattle to the latter's wife or not. Counsel for plaintiff refer to the rule respecting change of possession ; but except that Boyden testifies that the cattle were kept and maintained in his pasture, there is no explanation or proof as to the method of delivery of the cattle from Boyden to his wife. A change of possession of personal property in case of sale between

husband and wife, living together and occupying the same land, is ordinarily incapable of being so open and notorious or continuing to be so, as when a sale occurs between persons not so closely related. Nor, in the absence of statute would the law probably require that it should be. There is no dispute in the testimony that the original cattle were transferred to Mrs. Boyden for a valuable consideration ; and there is nothing in the testimony or record here to indicate that when the transfer occurred, plaintiff was a creditor of the vendor. Further than that, upon the question of manner of delivery, the evidence fails utterly to disclose that they were not delivered in a formal manner, except that no writing passed between them. No questions were asked upon that matter, and no testimony called out. The change of possession at the time of sale may have been all that the most rigorous rule requires, for aught that appears in this evidence. It is, however, urged that when the cattle were sold, the check for the price was made to Boyden, that he presented the check and drew the money, and handed the latter to the clerk of the court, taking a receipt therefor in his own name, without mentioning the fact that the money belonged to his wife. He explains that by saying that she was sick, and it was necessary for him to go to the bank and get the money ; but that he transacted the business for his wife, as her agent, and at her request. That she wanted to redeem the property, and offered to sell her cattle in order to do so, and he acted in the matter solely for her. It is apparent that, as at the time, he expected that the redemption would be permitted, he would not think it essential to explain to the clerk that he was delivering to him money belonging to Mrs. Boyden. Doubtless, he had a right to redeem, if any one had, and probably was the proper party to redeem ; and it is not difficult to ascribe to his actions and testimony perfect honesty, although he did not reveal the actual ownership of the money in dealing with the clerk of court. At any rate, upon the evi-

dence submitted to the trial court, and bearing in mind the settled rule as to the vacation of judgments on the ground of insufficiency of evidence, we are unable to say that the finding that the money was Anna Boyden's is not sustained by the evidence.

Notwithstanding the unsatisfactory condition of the record, we have gone into the questions raised in the case ; but it is extremely doubtful if there is any record here such as would be required to present the errors complained of. A bill of exceptions is necessary to preserve on appeal, as part of the record, some if not all of the papers filed in the proceeding. The application for the order, and the affidavit accompanying it, is not a pleading. The answer of the garnishee was taken upon oral examination. It should be embodied in a bill, as well as any other evidence adduced at the hearing ; and the same may be said of the motion for a new trial. We believe the counsel for plaintiff considered that they had secured a complete bill of exceptions. The record in fact is all made up as a bill, with the exception of the evidence. The latter is attached to the record following the certificate of the clerk of court authenticating "the above and foregoing" as containing a full, true, and complete record and account of all the papers, pleadings, record, and journal entries in the case. The testimony, therefore, is not authenticated by the clerk, in any manner. At the end of the evidence appears the following certificate: "The above and foregoing is all the evidence and testimony offered and adduced upon the trial of the above entitled cause, and I so hereby certify." This certificate is signed by the trial judge. In no other place does the signature of the judge appear.

Immediately preceding the clerk's certificate, we find the ordinary form of closing a bill of exceptions, reciting the overruling of the motion for a new trial, and that on a day therein named "the plaintiff, by his attorneys, having presented this his bill of exceptions in open court, and asked that the same be signed as such, and the court

being satisfied that the same contains a true, full, and correct account of all the proceedings had and entered of record in this case, together with all the evidence offered and adduced upon the trial of the case, the same is hereby approved, allowed, and signed." But no signature thereto appears.

Again, preceding a copy of the final order, it is recited that "said evidence of the garnishee and Anna Boyden, and John B. Boyden is as follows, to wit." But no evidence follows that statement, until after the order, motion for new trial, the statement as to the signing and allowance of the bill, and the clerk's certificate.

Counsel for defendants has not made the point that here was no proper bill, and hence we conclude that the parties have supposed it to have been properly arranged and signed; nevertheless, it is doubtful if there is any bill in the record, and had the point been urged, we would have been inclined to hold that there is none.

Notwithstanding that the irregularities in the proceedings were not pointed out nor complained of by counsel in this court, we have thought it best to refer to them, and set forth the proper scope of the inquiry under our statute, as silence on our part might be construed into an approval of the practice employed in this case, and lead to irregularities of the same nature in subsequent cases.

But for the reasons mentioned there is no error in the record of which the plaintiff in error can complain. The order will therefore be affirmed.

*Affirmed.*

CORN, J., and KNIGHT, J., concur.