AMERICAN INS. UNION v. READ

Ohio Appeals, 9th Dist., Summit Co.

No. 1242. Decided April 14, 1927

**85. APPEALS—Proceedings in aid of execution under 11768 GC. et. seq., instituted in the Court of Common Pleas are not chancery bills of discovey, and are not appealable.**

First Publication of this Opinion

PARDEE, J.

The Akron Chapter No. 300 of the American Insurance Union obtained a judgment against Loyd R. Read in the Summit Common Pleas, and an execution on said judgment was returned unsatisfied. On the return of the execution, the Union filed a motion asking for an order requiring defendant to appear and answer concerning his property. The order was made, and the court found that defendant was not the owner of any property subject to execution.

The plaintiff perfected an appeal and defendant filed a motion in the Court of Appeals asking to have the appeal dismissed for the reason that the proceeding instituted in the Common Pleas Court is not appealable. The Court of Appeals held:

1. Only those proceedings which were known in chancery before the adoption of the civil code are appealable. Sec. 6, Art. IV. Ohio Const.

2. The defendant claims that the proceeding instituted was one in aid of execution provided by statute, and is in no way similar to the original chancery proceeding known as a bill of discovery, as contended by plaintiff.

3. While the proceeding in aid of execution provided by 11768 GC. et. seq. accomplished to a large extent that which had theretofore been accomplished by a bill of discovery, it was not the same thing as a bill of discovery; it was a summary proceeding after judgment and was intended to be a special statutory one, unknown to the law prior thereto, and it was not intended to take the place of a civil action under the code in the nature of a bill of discovery.

4. The proceeding started in the lower court was one in aid of execution and not a chancery bill of discovery under the code of civil procedure, and is not appealable.

Motion to dismiss appeal sustained.

(Washburn, PJ., and Funk, J., concur.)

Attorneys—E. G. Hammond for plaintiff, Loyd R. Reed for defendant; both of Akron.

---

No. 345

CLEVE. OPERA CO. v. CLEVE. CIVIC OPERA ASSN.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Nov. 8, 1926

**480. EVIDENCE—Where it is sought to enjoin the use of a trade name upon the ground of confusion, evidence to support same must be of a strong and convincing nature upon the probability of confusion.**

**1181. TRADE MARKS AND TRADE NAMES—Descriptive or geographic words are not barred in a trade name unless taken in connection with other words they are substantially similar so as to cause deception.**

First Publication of this Opinion

SULLIVAN, J.

This cause is here on appeal from the Cuyahoga Common Pleas and it is sought by the Cleveland Opera Co. to prevent by injunction the use by defendant of the name the Cleveland Civic Opera Association on the ground that because of the similarity of the names the public will be mislead and that therefore there will be a diversion of patrons which they have built up in the last four years.

The Cleveland Opera Company's petition prays for a perpetual injunction against the Cleveland Civic Opera Assn., enjoining them from the use of the words "Cleveland" and "Opera" in combination in a name such as it has adopted, or in any otherwise that will be similar to or in conflict with the name "The Cleveland Opera Company" and for other equitable relief.

The Opera Association admits that its primary purpose is that of producing and presenting operas in the city of Cleveland and elsewhere, and that a protest against the use of its name was made to them and the Secretary of State. To all other allegations there was a general denial so if there is an absence of any record as to rivalry or competition in business, the question must be decided by an analysis of the names themselves.

The Court of Appeals held:

1. Counsel for the Cleveland Opera Co. contend that the court may grant the relief prayed even if the record is silent as to the question of competition, etc., for the reason that it is only necessary to prove that a mere probability of confusion of names will arise, and that the public will be mislead thereby.

2. This proof, however, must be substantial. The evidence in this kind of a case must be of a strong and convincing nature on the question of the probability of confusion.

3. The great weight of authority is that there can be no monopoly in words such as "Cleveland" and "Opera" but it does not follow that where such words are used so as to be deceptive and misleading one will not be granted relief.

4. An analysis of all the various words in the two names indicated a great similarity the only probable result of which would be confusion, and such confusion as would lead to unfair competition.

5. "There may be an unfair use for trade purposes of words which are not capable of being an arbitrary trade mark or trade name, because they are geographical or purely descriptive; but when used unfairly tend to create confusion on the part of the public as to goods or firms, and when so used and such confusion results, their use will be enjoined."

Injunction allowed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Garfield, MacGregor & Baldwin for Cleveland Opera Co.; Wilkin, Cross & Daoust for Civic Opera Assn.; all of Cleveland.