DEVOU v DEVOU et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5721. Decided Nov. 21, 1939.

Mathews & Mathews, Cincinnati, for appellant-plaintiff.

Jackson & Woodward, Cincinnati, for appellee-defendant.

OPINION

By LEMERT, J.

This is an appeal from a ruling of the Common Pleas Court, sustaining the demurrer of the Fifth-Third Union Trust Company, trustee, to the petition, and, upon the plaintiff refusing to plead further, judgment of said court dismissing said petition.

The petition shows that Rose L. Devou is a resident of San Francisco, California, and that the defendant, William P. Devou, is also a resident of San Francisco, California. Appellant, Rose L. Devou, filed her petition in the Common Pleas Court of Hamilton County, Ohio, against William P. Devou, and the Fifth-Third Union Trust Company, trustees under the will of Charles P. Devou, deceased.

In her petition she alleges that on the second day of January, 1934, by consideration of the Superior Court of the state of California, she recovered a judgment against the defendant, William P. Devou, whereby said defendant was to pay her the sum of One Hundred and Thiry Dollars ($130.00) per month, for the support and maintenance of herself and three minor children; that on October 19, 1936, said judgment was modified whereby the payments were reduced to One Hundred and Ten Dollars ($110.00) per month; that defendant has failed to make said payments, and that there is now due her the sum of Nineteen Hundred and Sixty Dollars ($1960.00); that defendant, William P. Devou, has no personal or real property subject to levy or execution within the jurisdiction of this state sufficient to satisfy said judgment; that the said William P. Devou, is a beneficiary under the will of one Charles P. Devou, deceased, of the income of a certain fund in the hands of the defendant, The Fifth-Third Union Trust Company, trustee, by which he is entitled to receive the sum of One Hundred and Fifty Dollars ($150.00) per month. The prayer of said petition is that the defendants be enjoined respectively from paying over and receiving said fund, and that

206

the same be applied to the satisfaction of said judgment.

When the suit was filed, plaintiff caused a summons to be issued for both the defendant, The Fifth-Third Union Trust Company, trustee, and the defendant, William P. Devou. The summons for the defendant, William P. Devou, was returned unserved, and no attempt was made at the time the suit was filed, nor at any time since to get constructive service upon William P. Devou, although the petition shows that he is a resident of the state of California.

This is an action under §11760, GC, which reads as follows:

"When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract claim or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person, or body politic or corporate, shall be subject to the payment of the judgment by action."

Under the provision of the section, two things appear to be necessary: First, it must be a judgment debtor; and second, he must not have property subject to levy on execution sufficient to satisfy the judgment. Is the appellant in this case such a judgment creditor? We think not. Her judgment was obtained in the state of California, and the judgment upon which an execution may issue must be a judgment rendered in the courts of this state, and one can not have an execution issued in this state upon a judgment of a California court.

Before this action can be maintained, it is not only necessary that the defendant does not have personal or real property subject to levy on execution, but the plaintiff must have a judgment on which an execution could issue. In the case of **Hegler et v Grove, 63 Oh St 404,** the second syllabus of which reads as follows:

"In such case the remedy of a creditor is by a proceeding in aid of execution, under §5465, **Revised Statutes,** to reach the equity of redemption, and have it applied to the payment of his judgment. A judgment on which execution may issue is essential to the proceeding."

In the case of **Carver v Williams, 6 Oh Dec. Reprint 1084,** the second syllabus is as follows:

"A Creditors Bill which merely avers that the judgment sought to be realized, was recovered by plaintiff against defendant, is not sufficient to create a claim upon the defendant, and is, therefore demurrable, there being no allegation that the judgment was rendered by a court in Ohio having jurisdiction."

The general rule is stated in 15 Corpus Juris, 1394, §36, as follows:

"The weight of authority is that a creditor's bill can not be based upon a judgment rendered in another state. In some cases judgments recovered in sister states have been held sufficient but these cases usually contain special elements."

It is therefore well settled both in Ohio and elsewhere that a creditor's bill can not be maintained in Ohio on a judgment rendered in a foreign state.

Another reason why the lower court did right in sustaining the demurrer, is that the defendant, William P. Devou, is a necessary party to this action.

That he is a necessary party to this action we cite: 15 Corpus Juris, 1415, §117.

The pertinent part of said section reads as follows:

"Judgment Debtors. It is a general rule that the judgment debtor is a necessary party defendant in an action to subject his equitable interests to the payment of a judgment, even though he is a non-resident."

Appellant in her brief admits that William P. Devou is a necessary party defendant. What the appellant is trying to do in this case is to recover from the Fifth-Third Union Trust Company, trustee, the sum of Nineteen Hundred and Sixty Dollars ($1960.00), which it owes or will owe William P. Devou, without bringing William P. Devou in the jurisdiction of this court.

We believe it is necessary for William P. Devou to be a party in this case, and to be before the court, and his rights adjudicated herein as a matter of protection to the Fifth-Third Union Trust Company, trustee.

A judgment rendered in a foreign state does not bring into force in Ohio the remedies authorized by the Code for the enforcement of Ohio judgments. A judgment rendered in a foreign jurisdiction is only the basis for an action in this state, and must be reduced to a judgment in this state before the remedies provided by the General Code enforcing judgments, are available. 34 Corpus Juris, 1134, §1612.

Said section is as follows:

"Enforcement in other states—In General.

"Unless so provided by statute in the state where enforcement is sought, a judgment recovered in one state is not executory in any other state in the sense that final process for its enforcement could issue on merely filing or docketing the judgment, as in the case of a domestic judgment. The constitutional provision for giving 'full faith and credit' to such judgments relates only to their effect as evidence or as a bar to further litigation, and in order to proceed for the collection of a judgment recovered in another state, the creditor must first sue upon it in the state where he wishes to enforce it and recover a judgment upon it."

We are, therefore, of the opinion that the court below properly sustained the demurrer, and it follows that the judgment is hereby affirmed. Exceptions may be noted.

SHERICK, PJ. & MONTGOMERY, J., concur.