572 P.2d 449
**William H. CARRELL, Appellant,**

v.

**Theron A. MILLER and Patricia L. Miller, husband and wife, Appellees.**

**No. 2 CA–CIV 2549.**

Court of Appeals of Arizona,
Division 2.

Oct. 28, 1977.

Rehearing Denied Dec. 5, 1977.

awarded to the parties which is not necessary to be listed here.

liam Carrell in Ohio. By agreement, the appellees extended the closing date an additional 120 days. The sale never closed. William Carrell, subsequent to his divorce from Ruby, filed this action to recover the monies paid to the Millers on the grounds that the deposit and receipt agreement had been rescinded, and on the alternate theories of conversion and monies had and received. The Millers responded by filing a motion to dismiss for failure to join Ruby Carrell as an indispensable party. Appellant opposed the motion to dismiss by attaching to his opposition to the motion to dismiss a certified copy of the Ohio divorce decree which was signed, as approved, by Ruby Carrell. Ruby had filed an answer and cross-complaint in the Ohio action which she later withdrew. The decree states in part:

"* * * It is the further order of the Court that the defendant, Theron A. Miller, transfer all the right, title and/or contractual interest of the defendant, Ruby J. Carrell, to the real estate described in the Complaint, and known as Lot # 84, Old Spanish Trail Estates, Pima County, Arizona, to the plaintiff, William H. Carrell, as and for alimony and division of property.

\* \* \* \* \* \*

(d) The plaintiff shall have as his sole and exclusive property, all interest in and to the real estate of the parties located in Tucson, Arizona and vicinity, as and for lump-sum alimony, if any, and as division of property."

Theron A. Miller, who was named as a party in the Ohio divorce action, was never served with process and appellant does not contend that Theron Miller was bound by the judgment. The trial court granted the motion to dismiss.

For purposes of this appeal we assume, without deciding, that Ruby Carrell, whose whereabouts were unknown to either party below, was a person whose joinder was necessary for adjudication under Rule 19, Arizona Rules of Civil Procedure, if she still had an interest in the funds which are the subject of the suit below.

Molloy, Jones, Donahue, Trachta & Childers, P. C., by Donald J. Oppenheim and Gary F. Howard, Tucson, for appellant.

Lawrence P. D'Antonio, Tucson, for appellees.

## OPINION

HOWARD, Chief Judge.

On March 12, 1975, William Carrell and Ruby Carrell, husband and wife, entered into a deposit and receipt agreement with the Millers wherein the Carrells agreed to purchase a house and lot from them for the sum of $125,000. The sale was to close on September 12, 1975. Prior to the date of closing the Carrells paid appellees $70,000 towards the purchase price. The Carrells, who lived in Ohio, became embroiled in marital difficulties and a petition for dissolution of their marriage was filed by Wil-

Appellant contends that the Ohio decree is entitled to full faith and credit by the Arizona courts and that under the decree his wife no longer has any interest in the lawsuit. Appellees contend that in order for the court to give full faith and credit to the Ohio decree appellant must first file the decree pursuant to the Revised Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12–1701 et seq. or file a lawsuit here against his former wife Ruby, based upon the Ohio judgment.

We are unable to agree with the appellees' contention. In order to proceed with the collection or enforcement of a judgment recovered in another state the creditor must first sue on it in the state where he wishes to enforce it and recover a judgment on it. 50 C.J.S. Judgments § 892a, pp. 495–496. However, appellant is not here seeking to enforce the Ohio judgment. He is merely using it as evidence of the fact that his former wife has no interest in the lawsuit and is therefore not an "indispensable party". Under such circumstances the Ohio judgment is entitled to full faith and credit. *Stewart v. Eaton,* 287 Mich. 466, 283 N.W. 651 (1939); *Devou v. Devou,* 65 Ohio App. 508, 31 N.E.2d 159 (1939); *Smith v. First National Bank of El Dorado,* 169 Okl. 90, 36 P.2d 27 (1934); 50 C.J.S. Judgments § 892a, p. 496.

At the time of the Ohio decree the deposit and receipt agreement, according to the pleadings, had not been rescinded by either party. The Carrells therefore had an equitable interest in the real estate which William Carrell was given by virtue of the Ohio decree. The trial court was in error in failing to give full faith and credit to the Ohio decree. William Carrell is the only one who can claim any right to monies paid under the agreement.

Reversed and remanded for further proceedings.

HATHAWAY and RICHMOND, JJ., concurring.