**JAMES S. JACKSON COMPANY, INC.,**
Appellant (Intervenor),

v.

**Fred W. MEYER and Blanche L. Meyer, Appellees (Plaintiffs),**

and

**James A. Ludvik and Horseshoe Creek Limited, a Colorado partnership, Appellees (Defendants).**

**No. 83-104.**

Supreme Court of Wyoming.

March 5, 1984.

**836**

Eric M. Alden of Jones, Jones, Vines & Hunkins, Wheatland, for appellant.

Frank J. Jones, Wheatland, for appellee James A. Ludvik.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

The sole question raised by this appeal is whether a judgment creditor is entitled to intervene, as a matter of right, in a lawsuit between the judgment debtor and the debtor's assignee, which suit purports to determine the validity of an assignment executed by the judgment debtor prior to the entry of the judgment against it. This identical issue was before this court in an earlier action involving the same parties and the same assignment of the same instrument. *James S. Jackson Company, Inc. v. Horseshoe Creek Limited*, Wyo., 650 P.2d 281 (1982). We consider our analysis and holding in the earlier case to be both correct and determinative of the outcome in the instant case. Therefore, we will affirm the judgment of the district court denying appellant James S. Jackson Company, Inc. (Jackson) intervention as of right.

## FACTS

In 1976 appellee Horseshoe Creek Limited (Horseshoe) entered into a contract to purchase a ranch in Platte County from James F.K. Centlivre. Horseshoe subsequently assigned its interest in this contract for deed to appellee James A. Ludvik. Horseshoe's interest in the contract for deed also was assigned to appellant Jackson by the United States Marshal for the Northern District of Indiana, pursuant to an order of the federal district court. In an action to determine the priority between these assignments, this court held that Ludvik's assignment was superior to Jackson's assignment. *Ludvik v. James S. Jackson Company, Inc.*, Wyo., 635 P.2d 1135 (1981).

Prior to our final decision in that case, Horseshoe brought an action against Ludvik to rescind the assignment of the contract for deed, alleging that Ludvik had failed to make certain payments required under the assignment. Ludvik defended, in part, on the theory that he had acquired Centlivre's seller interest in the contract for deed and was not obligated to make any payments. Jackson's motion to intervene in that action was denied by the district court. We affirmed, holding that the denial of intervention did not impair or impede Jackson's ability to protect its interest in the contract for deed as a judgment creditor of Horseshoe. *James S. Jackson Company, Inc. v. Horseshoe Creek Limited*, supra, 650 P.2d at 287.

The present appeal originated as a foreclosure proceeding by appellees Fred and Blanche Meyer upon the mortgage executed by Horseshoe and assumed by Ludvik as assignee of the contract for the deed to the ranch property. Ludvik asserted that he had no obligation on the mortgage because he was entitled to rescind the assignment from Horseshoe that provided for his assumption of the mortgage.

While this matter was pending, Jackson sought to enforce its judgment against Horseshoe from the federal district court in Indiana. On May 20, 1983 the following order was entered granting Jackson's motion for execution on the equitable assets of Horseshoe:

"NOW, THEREFORE, IT IS HEREBY ORDERED that the Plaintiff [James S. Jackson Company, Inc.] be and it hereby is allowed to, commence execution upon the equitable assets of the Defendant [Horseshoe Creek Limited] and specifically of the Defendant's interest in a contract to purchase real property in Platte County, Wyoming from one James F.K. Centlivre and a contract assigning that contract to one James A. Ludvik."

Jackson moved to intervene in the foreclosure proceeding in order to protect its interest in the contract for deed and the assignment. This motion was denied on the ground that the resolution of those issues to be determined at trial would not impair or impede any interests of Jackson as a judgment creditor of Horseshoe. Following a trial to a jury, a verdict was reached and a judgment was entered rescinding the assignment of the contract for deed from Horseshoe to Ludvik.

## INTERVENTION OF RIGHT

Rule 24(a)(2), W.R.C.P., provides for an applicant's intervention of right in a lawsuit between other litigants:

> "*Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

We repeated the conditions which an applicant for intervention must satisfy to come within this rule in *James S. Jackson Company, Inc. v. Horseshoe Creek Limited,* supra, 650 P.2d at 286:

> " '* * * In order to come within the provisions of that rule, three conditions must be present—namely: (1) appellants must have an interest in the subject of the action; (2) appellants must be able to show that they are so situated that a failure to allow intervention will impair or impede their ability to protect that interest; and (3) it must be apparent that appellants' interest is not adequately represented by existing parties. Rule 24(a), W.R.C.P.; *Rawlins v. Stanley,* 207 Kan. 564, 486 P.2d 840 (1971). A fourth requirement which has also been recognized by the courts is that of timeliness. In other words, the application for intervention must be made at a time when it is practical to allow another party to

enter the dispute. *NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *Llewellyn v. Beasley,* Ind. App., 415 N.E.2d 789 (1981).' *Platte County School District No. 1 v. Basin Electric Power Cooperative,* [Wyo.], 638 P.2d [1276,] 1278 [1982]."

In *James S. Jackson Company, Inc. v. Horseshoe Creek Limited,* supra, we concluded that Jackson failed to satisfy the second condition. That is, Jackson was unable to show that it was so situated that an absence of intervention would impair or impede its ability to protect its interest in the contract for deed or the assignment of the contract. We said:

> "Jackson's claim in the contract for deed is based on its position as a judgment creditor of Horseshoe. Jackson will not be disadvantaged in such position regardless of the outcome of this case.

> "If Ludvik prevails in the present action, Jackson would not be disadvantaged. As noted above, the priorities of Ludvik and Jackson in the contract for deed have already been determined. Ludvik's interest has been held to be superior to Jackson's interest and is not subject to any lien by Jackson. *Ludvik v. James S. Jackson Co., Inc.,* supra, 635 P.2d at 1143. Therefore, a determination of the action in Ludvik's favor would not affect Jackson's interest in the contract for deed.

> "If Horseshoe prevails in the present action, and its claim for rescission of its assignment of the contract for deed to Ludvik be allowed, Jackson would still have its claim as a judgment creditor of Horseshoe. As a practical matter, not only would the claim not be impaired, but its position would be bettered and be more secure." 650 P.2d at 287.

Jackson distinguishes the case at bar on the ground that it has executed upon the equitable interest of Horseshoe in the assigned contract and now holds a lien on a payment of $25,000 due to Horseshoe from the assignee, Ludvik. Counsel for Jackson make the following argument in their brief:

"* * * Since this case has gone to trial and we now have a judgment to inspect, it should be easy to answer the impairment issue. That judgment was for rescission of the assignment contract between Horseshoe Creek and Ludvik and on its face would appear to relieve Ludvik of the obligation of paying the $25,000.00 due on that assignment. But that money is not due to Horseshoe, it is owed to Jackson.

"If the results of the trial of this case are binding on Jackson by res judicata, and defeat its claim against Ludvik for the $25,000.00, then its ability to protect its interest has certainly been impaired and impeded."

Thus, Jackson takes the position that it holds a claim against Ludvik for the payment due under the assignment and that intervention was necessary to protect that claim.

We see no substantive difference between the case at bar and the earlier action in which Jackson sought to intervene. In both situations Jackson's claim in the contract for deed is based upon its position as a judgment creditor of Horseshoe.

Courts in other jurisdictions have held that a general interest in the collectibility of a judgment is not the sort of interest which creates a right to intervene under Rule 24(a)(2):

"* * * [T]he mere fact that the first action may decrease the ability of the intervenor to collect a potential judgment against the defendant is insufficient to be considered a substantial impairment of an interest for the purposes of Rule 24(a)(2). This is so because if

" '[l]ogically extended . . . [such a rule] would give the right to intervene in . . . [an] action . . . to all persons with potential claims against any party in the . . . action . . . on the ground that the outcome of the . . . suit may increase or decrease the collectibility of their claims. This would abandon complete-

ly the general notion that a plaintiff may control his action and the FRCP Rule 24(a)(2) requirement that an unrepresented petitioner must show an interest in the underlying transaction to support an absolute right of intervention.'

"*Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343 (C.A.9, 1977)." *Jet Traders Investment Corporation v. Tekair, Ltd.*, 89 F.R.D. 560, 570 (D.C.Del.1981).

Jackson did not improve its position for purposes of Rule 24(a)(2) by executing on the equitable assets of Horseshoe because Jackson did not acquire a claim against Ludvik. Jackson instituted a summary proceeding in aid of execution [1] against its debtor, thereby acquiring a lien on whatever equitable interest in the contract for deed that Horseshoe possessed. *First National Bank of Laramie v. Cook*, 12 Wyo. 492, 78 P. 674, on petition for rehearing 12 Wyo. at 522, 78 P. 1083, 1091 (1904). Our previous description of the rights of a receiver acting on behalf of a judgment creditor in such a summary proceeding applies to the instant case:

"* * * The receiver, by his appointment, succeeded only to the title of the judgment debtor and as to property incumbered by liens he has only such rights as the judgment debtor had at the time of the appointment. Smith Recvrs. 267; *Voorhees v. Seymour,* 26 Barb. 583; *Gardner v. Smith*, 29 Barb. 74. In this proceeding the court has no authority to order property to be applied to the satisfaction of the judgment unless the title of the defendant thereto is clear and undisputed." *First National Bank of Laramie v. Cook*, supra, 76 P. at 677.

Accordingly, Jackson, by summarily executing on Horseshoe's assets, succeeded only to such rights in the contract as Horseshoe

---

1. Sections 1–17–402 through 1–17–418, W.S.1977 establish summary proceedings in aid of execution. Section 1–17–411, W.S.1977, provides in pertinent part:

"The court may order any property of the judgment debtor or money due him in the hands of either himself or another person, not exempt by law, to be applied toward the satisfaction of a judgment."

held.[2] Since Jackson acquired no claim against Ludvik, its position was not improved over that of a general or potential judgment creditor for purposes of intervening in a suit which might deplete the collectible assets of the judgment debtor.

We hold that Jackson's position as a judgment creditor with an execution order on particular intangible assets carried no special right to intervene in a suit to adjudicate the judgment debtor's claim to those assets. Jackson continues to hold its position as a judgment creditor of Horseshoe following rescission of the assignment of the contract for deed and continues to possess a lien upon the equitable assets of Horseshoe. Therefore, Jackson's ability to protect its interest in the assignment of the contract for deed—which interest was circumscribed by Horseshoe's rights in the contract—was not impeded or impaired by the denial of intervention. *James S. Jackson Company, Inc. v. Horseshoe Creek Limited*, supra, 650 P.2d at 287.

Appellee Ludvik requests this court to determine that there was no reasonable cause for this appeal and to award a penalty and damages pursuant to Rule 10.05, W.R.A.P.[3] We have held, however, that such awards are inappropriate where a discretionary ruling of the trial court is the subject of the appeal, because "the standards for review of discretionary exercise cannot readily be reduced to black-letter principles." *Bacon v. Carey Company*, Wyo., 669 P.2d 533, 536 (1983). The propriety of intervention under Rule 24(a)(2), W.R.C.P., is just such an issue within the

trial court's discretion. *Platte County School District No. 1 v. Basin Electric Power Cooperative*, Wyo., 638 P.2d 1276, 1278 (1982). Therefore, appellee's request for a penalty assessment and damages is denied.

The judgment of the district court denying appellant intervention as of right is affirmed.

**2.** To enforce a claim against Ludvik, as Horseshoe's debtor, Jackson would have needed to prove such a claim in a proceeding under § 1–17–501, W.S.1977, our garnishment-in-aid-of-execution statute, or under § 1–17–401, W.S. 1977, which provides for a nonsummary civil action against persons in possession of property due to the debtor. *Schloredt v. Boyden*, 9 Wyo. 392, 64 P. 225 (1901); *Devou v. Devou*, 65 Ohio App. 508, 31 N.E.2d 159 (1939); *Akron Chapter No. 300 v. Read*, 24 Ohio App. 192, 157 N.E. 315 (1927); Rudolph, *Collecting Money Judgments in Wyoming*, 6 Wyo.L.J. 159, 166, 173.

**3.** Rule 10.05, W.R.A.P., provides in pertinent part:

" * * * Unless the court certifies that there was reasonable cause for the appeal, there shall * * * be taxed as part of the costs in the case, a reasonable fee, to be fixed by the court not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), to the counsel of the appellee, and to the appellee damages in such sum as may be reasonable, not exceeding one thousand dollars ($1,000.00), unless the judgment or final order directs the payment of money, and execution thereof was stayed, when in lieu of such penalty, it shall bear additional interest at a rate not exceeding five percent (5%) per annum, for the time for which it was stayed, to be ascertained and awarded by the court."