### CECIL McELFRESH v GEORGE McELFRESH

Ohio Appeals, 2nd Dist, Montgomery Co No 918. Decided July 20, 1929

W. S. Rhotehamel, Dayton, for Cecil McElfresh.

Marshall & Harlan, Dayton, for George McElfresh.

**HORNBECK, J.**

Plaintiff's action was in the nature of a cerditor's bill seeking to subject certain wages of the defendant, claimed to be in the hands of the Indian Refining Company, to a judgment based upon a balance of $50.00 due on an order for alimony made in the Domestic Relations Division of the Common Pleas Court of Montgomery County. The application of the plaintiff was supported by an affidavit setting forth the action of the Court of Domestic Relations, the amount due on the order, the failure of the defendant to pay said sum, the claim that the Indian Refining Company had money in its hands due and payable to defendant, and seeking an order of court to require the Refining Company to answer, under oath, the amount, if any, due defendant, and praying that said sum to the amount of the judgment due plaintiff, be paid to her. The motion to dismiss was sustained by the trial judge upon three grounds.

FIRST, because the jurisdiction to enforce its own orders lies with the court that makes them.

The writer of this opinion is informed by his associates that this Court has held that although the statute creating the Domestic Relations Divisions of the Common Pleas Court and defining its duties, attempts to specially limit its jurisdiction yet if it takes over, undertakes to and does assert jurisdiction, then to the extent that the Common Pleas Court, general division, has authority and jurisdiction to determine the question, the Domestic Relations Division has such authority and jurisdiction. Inasmuch as this Court has so held, we are disposed to adhere to that decision. Therefore, the Common Pleas Court, regular division, could take judicial notice of the alimony order made in the Domestic Relations Division and could grant any and all relief which could have been granted had the cause originated in the regular division. Independent of this conclusion, an action in the nature of a creditor's bill, or proceedings in aid of execution, are independent and separate proceedings which may be instituted in any court having jurisdiction to entertain them, whether or not it is the same court that entered the original judgment.

The second ground for sustaining the motion was that this proceeding is not maintainable because there is an attempt here to carry forward an action in the nature of an aid to execution, and that the order made was not a judgment, but was merely interlocutory in character, and that the court had a right at any time to modify or nullify it.

Although the petition does not allege that the alimony was awarded plaintiff in connection with a divorce, it does

charge that the decree was made at a final hearing. The decree for alimony, in our opinion, had the legal effect of a final judgment.

Conrad vs. Everich, 50 OS. 476.
John vs. John, 12 O. C. C. 328.
Breen vs. Breen, 14 Ohio Nisi Prius( N. S.) 219.
Reeves vs. Grant, 9 Ohio Nisi Prius (N. S.) 71.
Embshoff vs. Embshoff, 12 O. C. C. (N. S.) 236.

True, such order may have been modified or annulled, but so long as it was subsisting and in effect, it has all the force of a final judgment.

The third ground for sustaining the motion was that the Common Pleas Court is not required and has not jurisdiction to hear a proceeding involving a sum less than One Hundred Dollars, except it arise out of some order which itself has made in a case in which it has jurisdiction. The jurisdictional requisite that an action at law cannot be brought in the Common Pleas Court unless the sum sued for is in excess of One Hnudred Dollars does not apply to an equitable proceeding, nor to a separate action, such as proceedings in aid of execution.

The basis of the action of plaintiff is 11760 GC. which, though a statutory proceeding, is in the nature of a creditor's bill. The language of the Section is helpful in determining what is necessary to be alleged and established to invoke the aid of the law.

It has been held, as claimed by counsel for plaintiff, that it is not necessary or required to issue an execution, have it returned showing "no goods found", nor to allege that such action was taken.

Piatt vs. St. Clair's heirs, etc., 6 Ohio, 227.
Gilmore vs. Miami Exporting Co., et al 2 Ohio, 294.
Bomberger,, et al. vs. Turner, Admr. 13 OS., 264.

But these cases are authority to the effect that it is necessary to show, and therefore to allege, that the debtor has no effects from which to satisfy the judgment.

The Gilmore case, supra, at page 296, in effect approves the statement of counsel that it is necessary to aver substantially in the terms of the statute that the judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment.

As the court has observed in the Bomberger case, it is not necessary to set forth the evidence of the fact that the judgment debtor is execution-proof, but the fact that he has no property, real or personal, from which the amount due on the judgment can be made.

The reason for the rule is found in that it is not the policy of the law to require a third party to be brought into court to answer touching his indebtedness to a judgment debtor unless the claim of the judgment creditor cannot be satisfied out of property of the judgment debtor subject to be applied to the debt.

See Hubbel vs. Perrin, 3 Ohio, 287;
Bank vs. Beebe, 62 OS. 41.

No such requisite allegation appears in the petition in this case. Therefore, although we respectfully differ with the Common Pleas Court in the reasons assigned for the dismissal of the proceedings in aid, we are in accord with the ultimate action taken and therefore it will be sustained.

Kunkle and Allread, JJ., concur.