### DYCKOWSKI v BOHORIC

Ohio Appeals, 9th Dist, Lorain Co

No 808. Decided Nov 13, 1936

Levin & Levin, Lorain, for appellant.
Samuel Herman, Lorain, for appellee.

## OPINION

By FUNK, PJ.

The appellant was plaintiff and the appellee was defendant in the trial court. We will refer to them as plaintiff and defendant, as they were in that court.

Plaintiff, on June 22, 1936, filed a motion and affidavit in proceedings in aid of execution against defendant in the Common Pleas Court, in the above-entitled cause, in which motion plaintiff set forth in substance that on March 18, 1936, he had obtained a judgment against defendant in the sum of $950 and costs; that it was not paid; that execution had been issued and returned, not satisfied; "that said claim is for damages for personal injuries caused by defendant's wilful and wanton misconduct"; and that he (plaintiff) filed therewith an affidavit to the effect that he had good reason to believe that the National Tube Company was indebted to defendant; and he asked that said company be ordered to appear before the court and answer under oath respecting said liability.

As stated in said motion, plaintiff filed the usual affidavit with said motion, in which affidavit it was also stated "that said claim is for damages for personal injuries caused by defendant's wilful and wanton misconduct." Both said motion and affidavit were verified by plaintiff's attorney.

Thereafter, on August 3, defendant filed a motion to strike from the files said motion and affidavit in proceedings in aid of execution, and for an order permanently enjoining further effort on the part of plaintiff to enforce said judgment against him, "for the reason that said judgment was duly discharged in a bankruptcy proceeding wherein said judgment was duly scheduled." Said latter motion was, on August 8, 1936, sustained, to which ruling the plaintiff excepted.

Notice of appeal from said ruling was duly filed, and the cause is in this court on appeal on questions of law, the contention being that the court erred in sustaining said motion of the defendant.

The filing of said motion by defendant definitely raised the issue of whether or not said judgment was a liability for "wilful and malicious injuries to the person" of the plaintiff within the meaning of Sec. 17a (2) of the United States Bankruptcy Act.

The briefs filed and the oral argument in this court pertained entirely to the question of whether or not the judgment rendered in the above-entitled cause is dischargeable in bankruptcy.

Plaintiff contends that the petition in the instant case alleges that plaintiff was riding as a guest without compensation, and contained allegations that plaintiff's injuries were proximately caused by the wilful and wanton misconduct of defendant; that as the so-called "guest statute," §6308-6, GC, provides that a guest who is transported without pay cannot recover for injuries sustained "unless such injuries * * * are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle," and that, as defendant was in default for answer or demurrer, the allegations of the petition, as to wilful and wanton misconduct, were thereby confessed by defendant to be true, and that by reason of such confession the court could not do other than find for plaintiff on that issue; that therefore the only question left to really be determined by the court was to ascertain the amount of damages to be awarded.

Counsel for plaintiff further claim that said judgment is conclusive on the issue of wilful and wanton misconduct, and that, said judgment being final and unreversed, it is res adjudicata on that issue; that accordingly the court could not, in the aid proceedings, go back and again look to the petition to again determine whether or not it stated, against defendant, such a cause of action as would not be dischargeable in bankruptcy, that the finding of the court and the entry of said judgment is thus conclusive as to the character of said judgment as a claim, for the purpose of determining whether or not it is within exception (2) of Sec. 17a of the bankruptcy act, which section provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities * * * for wilful and malicious injuries to the person or property of another * * *," and that therefore said judgment was a liability not dischargeable in bankrupty.

When this court, during the oral argument, suggested to counsel for plaintiff that there was no bill of exceptions in this case, said counsel contended that none was necessary because the error complained of was disclosed in the transcript of the docket and journal entries, and the petition on which the judgment was rendered.

Before plaintiff could prevail on the hearing of said motion in the court below, it was necessary that it be shown that said judgment was a liability for "wilful and malicious injuries" to his person.

The first question thus presented is whether or not, in the absence of the bill of exceptions, there is anything before this court to show what the trial court had before it to indicate the character of the liability of said judgment, so as to enable this court to determine whether the trial court erred in sustaining defendant's said motion.

It should be observed that, in Ohio, a proceeding in aid of execution is regarded as a separate and independent proceeding, different from a civil action and not intended to be regarded as a civil action, and that, while the motion and affidavit for such a proceeding are usually filed in the same case in which the judgment sought to be collected was rendered, they are not required to be so filed. See §11768, GC, et seq.; American Ins. Union v Read, 24 Oh Ap. 192 (5 Abs 297; 5 Abs 814); McElfresh v McElfresh, 8 Abs 254; and 17 O. Jur., "Executions," Sec. 539, p. 1010.

It is an established rule that the pleading of a party in a cause is not admissible in evidence to prove its allegations, and may only be introduced in evidence by his adversary to prove an admission or to impeach statements made by the pleader on the trial.

Railway Co. v Helber, Admr., 91 Oh St. 231.

State, ex rel., v Medical Board, 107 Oh St. 20, at pp. 30-31.

Cotton, Exr., v Jones, 37 Tex. 34.

Smith v Nimocks, 94 N. C. 196.

14 A. L. R. 89, Sec. XII.

It is thus apparent that neither the motion nor the affidavit in the aid proceedings was competent as evidence, at the hearing on said motion of defendant to strike the motion and affidavit from the files and for an order restraining plaintiff from proceeding to collect his judgment.

It is also a well-settled rule that a pleading in one case cannot be considered in

another case, although in the same court, without its being introduced and admitted in evidence. It being clear that a proceeding in aid of execution is a separate and independent proceeding from the original action in which the judgment was entered, it would seem that the petition in said original action could not be looked to, in considering a motion to dismiss the motion and affidavit in a proceeding in aid of execution, unless such pleading had been adduced in evidence; even though said motion and said affidavit in aid proceedings are filed in the same case in which the judgment was rendered.

The proceedings in aid of execution having been filed in the same case in which the judgment was entered, we will assume that this court may look at the certified copy of the transcript of the docket and journal entries in the original action in which the judgment was rendered, as well as those entries pertaining only to the aid proceeding, as they are all included in said transcript before us.

Although said transcript shows no answer filed by defendant, the entry of the finding of the court on the trial, instead of showing a judgment by default, shows that: "* * * a jury having been by the parties in open court orally waived, was submitted upon the pleadings and the evidence, and, on consideration thereof, the court find on the issue joined for the plaintiff * * *."

We find nothing whatever in said transcript to show a default judgment as to wilful or wanton misconduct, or to show that the action was one for personal injuries of any kind.

In fact, so far as anything appearing in said transcript is concerned, said judgment could as well have been upon a promissory note, or for damages for misrepresentation of a warranty on the sale of a horse.

It is thus apparent that, in the absence of a bill of exceptions, we have nothing before this court to show what admissions, if any, counsel for the respective parties made on behalf of their clients in presenting their case, or what evidence was before the trial court at the hearing on defendant's said motion upon which the court acted. Hence, there is nothing before us to exhibit the error complained of. In such a situation we are required to assume that the trial court had before it sufficient evidence to sustain the judgment of the court, and the judgment will therefore have to be affirmed.

However, we might say further for the benefit of counsel that, even if this court could look to the petition to determine the character of the liability of defendant in this case, we think the weight of authority is to the effect that a judgment based on **wilful or wanton misconduct** under the so-called "guest statute" is not, in the absence of a showing of "malice," a liability for a **wilful and malicious injury** to the person, within the meaning of Sec. 17a (2) of the bankruptcy act.

We also think that the allegations of the petition in the instant case are not such as constitute either an allegation of a "wilful and malicious injury" within the meaning of said §17a (2) of the bankruptcy act, or an allegation that plaintiff was a guest within the provisions of said so-called "guest statute"; and if the trial court put that construction upon the allegations of the petition, of course that court could have then found for plaintiff by finding defendant guilty of mere simple negligence, and, in that event, the judgment would be dischargeable in bankruptcy.

STEVENS and WASHBURN, JJ, concur in judgment.